Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs, Gail Medeiros and Tracy T. Bomberger*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL MEDEIROS and TRACY T. BOMBERGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC CARD & RETAIL SERVICES, INC. A/K/A HSBC CARD SERVICES INC., BY AND THROUGH ITS SUCCESSOR IN INTEREST CAPITAL ONE FINANCIAL CORPORATION, A/K/A, CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendants. | Case No: '14CV1786 JLS MDD<br><br>**Class Action Complaint For Damages for Violations of California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq.**<br><br>**Jury Trial Demanded** |

**HYDE & SWIGART**
San Diego, California

**INTRODUCTION**

1. GAIL MEDEIROS (referred to individually as "Medeiros"), and TRACY T. BOMBERGER ("Bomberger" or referred to collectively as "Plaintiffs"); bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of HSBC CARD & RETAIL SERVICES, INC. A/K/A HSBC CARD SERVICES INC., BY AND THROUGH ITS SUCCESSOR IN INTEREST CAPITAL ONE FINANCIAL CORPORATION, A/K/A, CAPITAL ONE FINANCIAL CORPORATION, and their related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendants continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

//

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d) ("CAFA"), which provides for original jurisdiction of the federal courts of any class action in which any member of the class is a citizen of a state different from the defendant, and in which the matter in controversy exceeds, in the aggregate, the sum of $5 million, exclusive of interest and costs. The total claims of individual class members in this action are well in excess of $5 million, as each illegally recorded telephone call would provide statutory damages in the amount of $5,000. Further, on information and belief, Defendants have made thousands of telephone calls illegally recording Plaintiff and the putative class, without consent or knowledge, thereby satisfying the requirements under 28 U.S.C. § 1332(d)(2), (5). Based on the belief that thousands of individuals in California would be included in any certified class, the numerosity requirement, exceeding forty members, is satisfied, pursuant to 28 U.S.C. § 1332(d)(5)(B). Plaintiff is a citizen of California and Defendants are citizens of Virginia and Illinois. Therefore, diversity of citizenship exists under CAFA as defined by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(2) because the Plaintiff Medeiros resides in this judicial district of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendants occurred within the Southern District of California (Plaintiff's telephone calls were illegally recorded while Plaintiff was in this judicial district) and Defendants conduct business in the County of San Diego.

//
//
//

## PARTIES

5. Plaintiff Medeiros is, and at all times mentioned herein was, an individual citizen and resident of Oceanside, in the County of San Diego, State of California.

6. Plaintiff Bomberger is, and at all times mentioned herein was, an individual citizen and resident of San Bernadino, in the County of San Bernadino, State of California.

7. Plaintiff is informed and believes, and thereon alleges, that HSBC CARD & RETAIL SERVICES, INC. is, and at all times mentioned herein was, a corporation whose primary corporate address is located in Mettawa, Illinois. HSBC CARD & RETAIL SERVICES, INC., is, and at all times mentioned herein was, a corporation and a "person," as defined by California Penal Code § 632(b). Defendant HSBC CARD & RETAIL SERVICES, INC. has a policy and practice of recording telephone conversations with the public, including California residents. Defendant HSBC CARD & RETAIL SERVICES, INC.'s employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

8. Plaintiff is informed and believes, and thereon alleges, that HSBC CARD & RETAIL SERVICES, INC., is, and at all times mentioned herein was, a corporation whose primary corporate address is located in Richmond, Virginia. HSBC CARD & RETAIL SERVICES, INC., is, and at all times mentioned herein was, a limited liability company and a "person," as defined by California Penal Code § 632(b). Defendant HSBC CARD & RETAIL SERVICES, INC., has a policy and practice of recording telephone conversations with the public, including California residents. Defendant HSBC CARD & RETAIL SERVICES, INC.'s employees and agents are

directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant HSBC CARD & RETAIL SERVICES, INC. placed calls to residents of the State of California, for the purpose of debt collection and therefore conducted business in the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that HSBC CARD & RETAIL SERVICES, INC., was subsequently purchased by CAPITAL ONE FINANCIAL CORPORATION, A/K/A, CAPITAL ONE FINANCIAL CORPORATION, who purchased all assets and liabilities and is therefore liable for any previous conduct of Defendant HSBC CARD & RETAIL SERVICES, INC.

**FACTUAL ALLEGATIONS AS IT RELATES TO PLAINTIFF GAIL MEDEIROS**

11. During the entire calendar year of 2009, Plaintiff Medeiros had numerous telephone calls with HSBC CARD & RETAIL SERVICES, INC. and its agents on her landline and her cell phone.

12. Plaintiff Medeiros had a credit card account for several years with Defendant and eventually allegedly defaulted on the account in October 2009. Prior to allegedly defaulting and as a result of the alleged default, Plaintiff Medeiros received numerous calls from Defendants. Plaintiff received calls on her cell phone as well as calls at her place of employment by Defendants.

13. During the months of September through December 2009, Plaintiff Meideros had numerous telephone communications with certain employees, officers and/or agents of Defendants.

14. Specifically, on or about September 2009, Defendant HSBC CARD & RETAIL SERVICES, INC. attempted to contact Plaintiff Meideros to collect on Plaintiff Meideros' credit card account with Defendant HSBC CARD &

RETAIL SERVICES, INC.  Plaintiff Meideros spoke with Defendant HSBC CARD & RETAIL SERVICES, INC. for a period of time, including discussions of Plaintiff's personal information which included stating her social security number.  Defendant HSBC CARD & RETAIL SERVICES, INC. never informed Plaintiff that the conversation was being recorded. All such conversations were confidential in nature.

**FACTUAL ALLEGATIONS AS IT RELATES TO ALL PLAINTIFF TRACY BOMBERGER**

15. During the entire calendar years of 2008 and 2009, Plaintiff Bomberger had numerous telephone calls with HSBC CARD & RETAIL SERVICES, INC. and its agents.

16. Plaintiff Bomberger had a credit card account for several years with Defendant and initially defaulted on the account in January 2009. Prior to defaulting and as a result of the default, Plaintiff Bomberger received numerous calls from Defendants.

17. From January 2009 until July of 2009, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendants on her cell phone.

18. Several times during this time period, Defendant HSBC CARD & RETAIL SERVICES, INC. attempted to contact Plaintiff Bomberger to collect on Plaintiff Bomberger's credit card account with Defendant HSBC CARD & RETAIL SERVICES, INC.  Plaintiff Bomberger spoke with Defendant HSBC CARD & RETAIL SERVICES, INC. for a period of time, including discussions of Plaintiff's personal information which included stating his social security number.  Defendant HSBC CARD & RETAIL SERVICES, INC. never informed Plaintiff Bomberger that the conversation was being recorded.  All such conversations were confidential in nature.

//

**FACTUAL ALLEGATIONS AS IT RELATES TO ALL PLAINTIFFS**

19. At all times relevant Defendant HSBC CARD & RETAIL SERVICES, INC. placed calls to California residents for the purpose of debt collection while knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, and thus conducted business in the State of California including this judicial district.

20. Plaintiffs had a reasonable expectation that none of Plaintiffs' telephone conversations with Defendant HSBC CARD & RETAIL SERVICES, INC. would be recorded due to the private subject matter being discussed.

21. Plaintiffs were shocked to discover that said communications may have been recorded by Defendant HSBC CARD & RETAIL SERVICES, INC. without Plaintiffs' knowledge or consent.

22. Plaintiffs found Defendant HSBC CARD & RETAIL SERVICES, INC. clandestine recording to be highly offensive.

23. The conversation with Plaintiffs on Plaintiffs' cellular telephone, were recorded by Defendant HSBC CARD & RETAIL SERVICES, INC., without Plaintiffs' knowledge or consent, causing harm and damage to Plaintiffs. Plaintiffs were never informed that Plaintiffs' telephone calls were being recorded. At no time during these calls did Plaintiffs give consent for the telephone calls to be recorded.

24. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant HSBC CARD & RETAIL SERVICES, INC. had a policy and a practice of recording telephone conversations with consumers. Defendant HSBC CARD & RETAIL SERVICES, INC.'s employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiffs and other California residents. Additionally, Defendant HSBC CARD & RETAIL

SERVICES, INC. did not disclose to consumers that the calls are being recorded.

25. Plaintiffs are informed and believe, and thereon allege that from the January 2009 to the present, Defendant HSBC CARD & RETAIL SERVICES, INC. have installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant HSBC CARD & RETAIL SERVICES, INC. uses these devices to record each and every telephone conversation on said telephone lines.

26. Plaintiffs are informed and believe, and thereon allege, that during the relevant time period, Defendant HSBC CARD & RETAIL SERVICES, INC. has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiffs and other California residents.

27. Defendant HSBC CARD & RETAIL SERVICES, INC.'s conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiffs and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

35. Plaintiff seeks to represent the following subclasses:
    a. All California individuals, who, at any time during the applicable limitations period beginning March 23, 2009, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more conversations concerning their credit card accounts with representatives of HSBC CARD & RETAIL SERVICES, INC., or their agents, on a landline telephone (hereinafter Subclass A) and whose calls were recorded.

   b. All California individuals, who, at any time during the applicable limitations period beginning March 23, 2009, including any period tolled preceding the filing of this complaint through the date of resolution, were called by, and participated in, one or more cellular telephone conversations with representatives of HSBC CARD & RETAIL SERVICES, INC., or their agents, on a cellular telephone (hereinafter Subclass B) and whose calls were recorded.

36. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant HSBC CARD & RETAIL SERVICES, INC.'s records or Defendants' agent's records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendants have a policy of recording incoming and/or outgoing calls;

b. Whether Defendant HSBC CARD & RETAIL SERVICES, INC. have a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

c. Whether Defendant HSBC CARD & RETAIL SERVICES, INC. have a policy of recording incoming and/or outgoing calls initiated to landlines;

d. Whether Defendant HSBC CARD & RETAIL SERVICES, INC. disclose to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

e. Whether Defendant HSBC CARD & RETAIL SERVICES, INC. 's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;

f. Whether Plaintiff, and The Class were damaged thereby, and the extent of damages for such violations; and

g. Whether Defendant HSBC CARD & RETAIL SERVICES, INC. should be enjoined from engaging in such conduct in the future.

40. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

41. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy

1. and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. At all times relevant herein, Defendants routinely communicated by telephone with Plaintiffs and other members of Subclass A in connection with Plaintiffs and Subclass A members' credit card accounts in discussing confidential matters.

48. At all times relevant herein, Defendants secretly recorded conversations between Plaintiff and members of Subclass A and Defendants.

49. In each of their conversations with Defendants, Plaintiff and members of Subclass A discussed their credit card accounts and personal financial

**HYDE & SWIGART**
San Diego, California

circumstances and affairs. It was reasonable for the Plaintiffs and members of Subclass A to expect that the conversations would be confined to the parties to the conversation, and that their conversations were not being overhead or recorded. Each of the conversations between Defendants and Subclass A were "confidential communications(s)" within the meaning of Cal. Penal Code § 632(c).

50. Cal. Penal Code § 632 prohibits a party from recording confidential conversations without two-party consent. Defendants' confidential telephone communications with Plaintiff and members of Subclass A were secretly and surreptitiously recored by Defendants without obtaining consent to record such conversations.

51. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

### SECOND CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

31. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

32. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

33. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

34. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing cellular telephone conversation over said telephone lines with Subclass B.

35. Said recording equipment was used to record the telephone conversations of Plaintiffs and the members of Subclass B utilizing cellular telephones, all in violation of California Penal Code § 632.7.

36. Based on the foregoing, Plaintiffs and the members of Subclass B are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants,

### FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

- That this action be certified as a class action on behalf of Subclass A.
- Plaintiffs be appointed as the representative of The Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a)(1) for Plaintiffs and each member of The Class and Subclass A;
- Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiffs and Subclass A full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and Subclass A, without their prior consent, as required by

California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.

- For costs of suit;
- For reasonable attorneys' fees;
- For such further relief as this Court deems necessary, just, and proper.

**SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

- That this action be certified as a class action on behalf of Subclass B.
- Plaintiffs be appointed as the representatives of Subclass B;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of Subclass B;
- For $5,000.00 per violation of California Penal Code § 632.7 for Plaintiffs and each member of Subclass B;
- Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiffs and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class.
- For costs of suit;
- For reasonable attorneys' fees;
- For such further relief as this Court deems necessary, just, and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

                                                  Respectfully submitted,

Date: July 25, 2014                 **Hyde & Swigart**

                                    By:  /s Joshua B. Swigart
                                            Joshua B. Swigart
                                            *Attorneys for Plaintiff*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 South Beverly Blvd., Suite 725
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*