1 STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
2 SHANNON E. PONEK (State Bar No. 261135)
ARJUN P. RAO (State Bar No. 265347)
3 2029 Century Park East
Los Angeles, CA 90067-3086
4 Telephone: 310-556-5800
Facsimile: 310-556-5959
5 Email: lacalendar@stroock.com

7 Attorneys for Defendants
  HSBC CARD SERVICES INC. and
8  HSBC TECHNOLOGY & SERVICES (USA) INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL MEDEIROS, TRACY T. BOMBERGER, PETER MORRISSEY, and JULIE PULATIE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA) INC.<br><br>Defendants. | Case No. 3:14-cv-01786-JLS-MDD<br><br>**ANSWER OF DEFENDANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>The Hon. Janis L. Sammartino |

Defendants HSBC Card Services, Inc. ("Card Services") and HSBC Technology & Services (USA) Inc., ("Tech Services" and together, with Card Services, "HSBC"), through their undersigned counsel, answer the First Amended Class Action Complaint (the "Complaint") filed by plaintiffs Gail Medeiros, Tracy T. Bomberger, Peter Morrissey, and Julie Pulatie (collectively "Plaintiffs") as follows.

## GENERAL ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, HSBC admits that Plaintiffs purport to bring an action for violations of California's Invasion of Privacy Act, Cal.

LA 51822239v3

Penal Code § 630, et seq. ("CIPA"). Except as expressly admitted, HSBC denies each and every other allegation set forth therein.

2. Answering Paragraph 2 of the Complaint, this Paragraph contains a legal conclusion, which does not require a response. To the extent a response is required, HSBC denies each and every allegation set forth therein.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, and based solely on Plaintiffs' allegations, HSBC does not contest jurisdiction at this time. Except as expressly stated, HSBC denies each and every remaining allegation set forth therein.

## VENUE

4. Answering Paragraph 4 of the Complaint, and based solely on Plaintiffs' allegations, HSBC does not contest venue at this time. Except as expressly admitted, HSBC is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies each and every remaining allegation set forth therein.

## PARTIES

5. Answering Paragraph 5 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

6. Answering Paragraph 6 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

7. Answering Paragraph 7 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

8. Answering Paragraph 8 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

9. Answering Paragraph 9 of the Complaint, Card Services admits that it is a Delaware corporation with its principal place of business in Illinois. Card Services also admits that it is a "person," as defined by Cal. Penal Code Section 632(b). Card Services also admits that it recorded certain calls for quality-control purposes. Except as expressly admitted, Card Services denies the remaining allegations set forth therein.

10. Answering Paragraph 10 of the Complaint, Tech Services admits that it is a Delaware corporation with its principal place of business in Illinois. Tech Services also admits that it provided back-end IT services for Card Services including the use of call monitoring equipment that recorded conversations. Except as expressly admitted, Tech Services denies each and every remaining allegation set forth therein.

11. Answering Paragraph 11 of the Complaint, Card Services admits that it placed calls to residents of the State of California for purposes of collecting debt. Except as expressly admitted, HSBC denies each and every allegation set forth therein.

## FACTUAL ALLEGATIONS AS IT RELATES TO PLAINTIFF GAIL MEDEIROS

12. Answering Paragraph 12 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 12 of the Complaint, Tech Services denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Card Services admits that plaintiff Meideros was issued a credit card serviced by Card Services and that plaintiff Meideros failed to make required payments to Card Services. As a result, Card Services admits that it placed telephone calls to plaintiff Meideros in an effort to collect the monies owed to it. Except as expressly admitted, HSBC is without

1 sufficient knowledge or information to form a belief as to the truth of the remaining
2 allegations, and on that basis denies each and every other allegation set forth therein.

3       14.    Answering Paragraph 14 of the Complaint, Card Services is without
4 sufficient knowledge or information to form a belief as to the truth of the remaining
5 allegations, and on that basis denies each and every allegation set forth therein.
6 Answering Paragraph 14 of the Complaint, Tech Services denies the allegations
7 contained therein.

8       15.    Answering Paragraph 15 of the Complaint, HSBC denies each and
9 every allegation set forth therein.

## FACTUAL ALLEGATIONS AS IT RELATES TO ALL (SIC) PLAINTIFF TRACY BOMBERGER

12       16.    Answering Paragraph 16 of the Complaint, Card Services is without
13 sufficient knowledge or information to form a belief as to the truth of the allegations,
14 and on that basis denies each and every allegation set forth therein. Answering
15 Paragraph 16 of the Complaint, Tech Services denies the allegations contained
16 therein.

17       17.    Answering Paragraph 17 of the Complaint, Card Services admits that
18 plaintiff Bomberger was issued at least one credit card serviced by Card Services and
19 that plaintiff Bomberger failed to make required payments to Card Services. As a
20 result, Card Services admits that it placed telephone calls to plaintiff Bomberger in
21 an effort to collect the monies owed to it. Except as expressly admitted, HSBC is
22 without sufficient knowledge or information to form a belief as to the truth of the
23 remaining allegations, and on that basis denies each and every other allegation set
24 forth therein.

25       18.    Answering Paragraph 18 of the Complaint, HSBC denies each and
26 every allegation set forth therein.

27       19.    Answering Paragraph 19 of the Complaint, Card Services is without
28 sufficient knowledge or information to form a belief as to the truth of the remaining

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086
LA 51822239v3

allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 19 of the Complaint, Tech Services denies the allegations contained therein.

## FACTUAL ALLEGATIONS AS IT RELATES TO ALL (SIC) PLAINTIFF PETER MORRISSEY

20. Answering Paragraph 20 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 20 of the Complaint, Tech Services denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 21 of the Complaint, Tech Services denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 22 of the Complaint, Tech Services denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 23 of the Complaint, Tech Services denies the allegations contained therein.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086
LA 51822239v3

## FACTUAL ALLEGATIONS AS IT RELATES TO ALL (SIC) PLAINTIFF JULIE PULATIE

24. Answering Paragraph 24 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 24 of the Complaint, Tech Services denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 25 of the Complaint, Tech Services denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 26 of the Complaint, Tech Services denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Card Services is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein. Answering Paragraph 27 of the Complaint, Tech Services denies the allegations contained therein.

## FACTUAL ALLEGATIONS AS IT RELATES TO ALL PLAINTIFFS

28. Answering Paragraph 28 of the Complaint, Card Services admits that it recorded certain calls for quality-control purposes. Tech Services admits that it performed certain back-end IT functions for Card Services including the use of call monitoring equipment that recorded conversations. At this time, and based solely on Plaintiffs' allegations, HSBC does not contest venue for purposes of this action only.

Except as expressly admitted herein, HSBC denies the remaining allegations contained therein.

29. Answering Paragraph 29 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

30. Answering Paragraph 30 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

31. Answering Paragraph 31 of the Complaint, HSBC denies any wrongdoing and further denies that it recorded conversations without disclosing that such calls could be monitored or recorded for quality-control purposes. Except as expressly denied, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations set forth therein.

32. Answering Paragraph 32 of the Complaint, HSBC denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, Card Services admits that it recorded certain calls for quality-control purposes. Tech Services admits that it performed certain back-end IT functions for Card Services including the use of call monitoring equipment that recorded conversations. Except as expressly stated, HSBC denies the remaining allegations set forth therein.

34. Answering Paragraph 34 of the Complaint, Card Services admits that it recorded certain calls for quality-control purposes. Tech Services admits that it performed certain back-end IT functions for Card Services including the use of call monitoring equipment that recorded conversations. Except as expressly stated, HSBC denies the remaining allegations set forth therein.

35. Answering Paragraph 35 of the Complaint, HSBC denies the allegations contained therein.

- 6 -

LA 51822239v3

36. Answering Paragraph 36 of the Complaint, HSBC denies the allegations contained therein.

## CLASS ACTION ALLEGATIONS

37. Answering Paragraph 37 of the Complaint, HSBC admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons purportedly similarly situated. HSBC denies that any class could be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, HSBC denies the allegations contained therein.

38. Answering Paragraph 35 (sic), subparagraphs (a) and (b), of the Complaint, HSBC admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons purportedly similarly situated. HSBC denies that any class could be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, HSBC denies the allegations contained therein.

39. Answering Paragraph 36 (sic) of the Complaint, HSBC admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a class of all other persons purportedly similarly situated. HSBC denies that any class could be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, HSBC denies the allegations contained therein.

40. Answering Paragraph 37 (sic) of the Complaint, HSBC admits that Plaintiffs seek statutory damages and injunctive relief on behalf of themselves and on behalf of a class of all other persons purportedly similarly situated. HSBC denies that Plaintiff and/or any putative class is entitled to any such damages, that any class could be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, HSBC denies the allegations contained therein.

41. Answering Paragraph 38 of the Complaint, HSBC denies each and every allegation set forth therein.

42. Answering Paragraph 39, subparagraphs (a) through and including (g), of the Complaint, HSBC denies each and every allegation set forth therein.

43. Answering Paragraph 40 of the Complaint, HSBC denies each and every allegation set forth therein.

44. Answering Paragraph 41 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

45. Answering Paragraph 42 of the Complaint, HSBC denies each and every allegation set forth therein.

46. Answering Paragraph 43 of the Complaint, HSBC is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation set forth therein.

47. Answering Paragraph 44 of the Complaint, HSBC denies each and every allegation set forth therein.

48. Answering Paragraph 45 of the Complaint, HSBC denies each and every allegation set forth therein.

## FIRST CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

49. Answering Paragraph 46 of the Complaint, HSBC incorporates all of the preceding Paragraphs to this Answer as if fully set forth herein.

50. Answering Paragraph 47 of the Complaint, Card Services admits that as part of its servicing duties it communicated with California customers telephonically. Except as expressly stated, HSBC denies each and every other allegation set forth therein.

51. Answering Paragraph 48 of the Complaint, HSBC denies each and every allegation set forth therein.

52. Answering Paragraph 49 of the Complaint, HSBC denies each and every allegation set forth therein.

53. Answering Paragraph 50 of the Complaint, the first sentence of this Paragraph contains a legal conclusion to which no response is required. Except as expressly stated, and to the extent a further response is required, HSBC denies each and every allegation set forth therein.

54. Answering Paragraph 51 of the Complaint, this Paragraph contains a legal conclusion to which no response is required. To the extent a further response is required, HSBC denies each and every allegation set forth therein.

## SECOND CAUSE OF ACATION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

55. Answering Paragraph 38 (sic) of the Complaint, HSBC incorporates all of the preceding Paragraphs to this Answer as if fully set forth herein.

56. Answering Paragraph 39 (sic) of the Complaint, this Paragraph contains a legal conclusion to which no response is required. To the extent a further response is required, HSBC denies each and every allegation set forth therein.

57. Answering Paragraph 40 (sic) of the Complaint, this Paragraph contains a legal conclusion to which no response is required. To the extent a further response is required, HSBC denies each and every allegation set forth therein.

58. Answering Paragraph 41 (sic) of the Complaint, this Paragraph contains a legal conclusion to which no response is required. To the extent a further response is required, HSBC denies each and every allegation set forth therein.

59. Answering Paragraph 42 (sic) of the Complaint, HSBC denies each and every allegation set forth therein.

60. Answering Paragraph 43 (sic) of the Complaint, HSBC denies each and every allegation set forth therein.

61. Answering Paragraph 44 (sic) of the Complaint, HSBC denies the allegations contained therein.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086
LA 51822239v3

62. Answering Paragraph 45 (sic) of the Complaint, HSBC denies the allegations contained therein.

## PRAYER FOR RELIEF

Answering Plaintiffs' Prayer for Relief, HSBC denies each and every allegation set forth therein. HSBC further denies any wrongdoing whatsoever, that Plaintiffs or any other person are entitled to any relief whatsoever, that any class could be certified in this action and that this action is appropriate for class treatment.

## TRIAL BY JURY

Answering Plaintiffs' demand for a jury trial, HSBC admits that Plaintiffs seek a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, HSBC asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

HSBC is informed and believes, and on that basis alleges, that Plaintiffs and/or any person they purport to represent, are barred, in whole or in part, from maintaining their alleged causes of action because they provided consent within the meaning of California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq., for all communications allegedly recorded by HSBC.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, and/or any person they purport to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, and/or any person they purport to represent, which amount to and constitute a waiver of any right or rights Plaintiffs, and/or any person they purport to represent, may or might have in relation to the matters alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs are barred from recovery by the doctrine of laches because Plaintiffs knew of the purported acts or omissions they ascribe to HSBC, and were fully aware of their rights against HSBC (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of HSBC.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent that Plaintiffs, and/or any person they purport to represent, have suffered any damages as a result of the matters alleged in the Complaint, Plaintiffs, and/or any person they purport to represent, have failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

### (Setoff)

HSBC alleges, based upon information and belief, that it is entitled to a set off based upon Plaintiffs' and/or any person they purport to represent, breach of contract for failure to pay the total amount (plus any accruing interest and fees) due on Plaintiffs' accounts, if any, with HSBC Bank Nevada, N.A., Household Finance Corporation of California, Household Finance Corporation, and/or HSBC Finance Corporation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs and any person they purport to represent are precluded from any recovery from HSBC because their claims under California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq. are preempted by federal law.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims and/or the claims of the class they purport to represent are barred in whole or in part by the applicable statute of limitations, Cal. Civil Procedure Code § 340(a).

## TENTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of liability and/or statutory damages under California's Invasion of Privacy Act, Cal. Penal Code § 630, et seq., as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

- 12 -
LA 51822239v3

## ELEVENTH AFFIRMATIVE DEFENSE

### (Arbitration)

This Court lacks jurisdiction over the Plaintiffs' claims and/or the claims of the class they purport to represent due to the presence of a binding arbitration clause in the credit agreement(s) with Plaintiffs and/or the individuals in the class they purport to represent.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

HSBC expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, HSBC requests the following relief:

(1) That Plaintiffs' Complaint be dismissed with prejudice;

(2) That Plaintiffs and/or any person they purport to represent, take nothing by virtue of the Complaint;

(3) That judgment be entered in HSBC's favor;

(4) That the Court award HSBC their fees, expenses and costs to the full extent permitted by law; and

///
///
///

LA 51822239v3

1  (5) That the Court award such other relief as is just and proper under the
2  circumstances.

Dated: January 26, 2015

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
SHANNON E. PONEK
ARJUN P. RAO

By: */s/ Julia B. Strickland*
Julia B. Strickland

Attorneys for Defendants
HSBC CARD SERVICES INC. and
HSBC TECHNOLOGY & SERVICES
(USA) INC.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 14 -

LA 51822239v3

### CERTIFICATION

I hereby certify that, on January 26, 2015, a copy of the **ANSWER OF DEFENDANTS HSBC CARD SERVICES INC. AND HSBC TECHNOLOGY & SERVICES (USA) INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By: */s/ Julia B. Strickland*
Julia B. Strickland

- 15 -

LA 51822239v3