# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between: (1) plaintiffs Terry J. Fanning, Tatiana Jabbar, Stefan O. Lindgren, Gail Medeiros, Tracy T. Bomberger, Peter Morrissey and Julie Pulatie (collectively, "Plaintiffs"), for themselves and the Settlement Class (as defined below); and (2) HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. (collectively, "HSBC" and together, with Plaintiffs, the "Parties"). HSBC, Class Counsel (as defined below), and Plaintiffs hereby agree that, in consideration of the promises and covenants set forth in this Agreement and, upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and Settlement Class Members (as defined below) against HSBC in the cases entitled Terry J. Fanning, et al., v. HSBC Card Services, Inc., et al., United States District Court for the Central District of California, Case No. 8:12-cv-885-JVS-RNB (the "Fanning Action"); Stefan O. Lindgren v. HSBC Card & Retail Services, Inc. a/k/a HSBC Card Services Inc., et al., United States District Court for the Central District of California, originally Case No. 14-cv-05615-RGK-ASx, consolidated with the Fanning Action and low-numbered Case No. 8:12-cv-885-JVS-RNB (the "Lindgren Action"); and Gail Medeiros, et al., v. HSBC Card Services Inc., et al., originally filed in the United States District Court for the Southern District of California, Case No. 14-cv-01786-JLS-MDD and transferred to the United States District Court for the Central District of California, Case No. 2:15-cv-9093-JVS-AFM (the "Medeiros Action") (collectively, the "Actions"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.      RECITALS

1.1     Plaintiffs filed the various Actions, including amended complaints within the Actions, on different dates beginning on June 4, 2012.  Plaintiffs allege that each Plaintiff received at least one call from HSBC that was recorded without their knowledge or consent.

1.2     Based on their allegations, Plaintiffs assert claims against HSBC for violations of California's Invasion of Privacy Act, Cal. Penal Code Sections 632 and 632.7 ("CIPA").  On behalf of themselves and a proposed California class, Plaintiffs seek actual damages, statutory damages, disgorgement of profits and injunctive relief, and attorneys' fees and costs.  Plaintiffs propose a class period starting on March 23, 2009, alleging that their claims were tolled prior to the filing of the Actions, through May 1, 2012.

1.3     HSBC denies Plaintiffs' allegations within the Actions in their entirety and asserts various affirmative defenses.

1.4     On March 19, 2015, HSBC and Plaintiffs in the Medeiros Action participated in an Early Neutral Evaluation Conference before the United States District Court for the Southern District of California, Magistrate Judge Mitchell D. Dembin presiding.

1.5     On May 15, 2015, HSBC and Plaintiffs in the Medeiros Action participated in a formal mediation before the Honorable Leo Papas (Ret.) of Judicate West.

1.6     As a result of the May 15, 2015 mediation, as well as the Early Neutral Evaluation Conference and informal discovery provided by HSBC, HSBC and Plaintiffs in the Medeiros Action reached a settlement in principle.

1.7     On July 7, 2015, a Motion for Preliminary Approval of Class Action Settlement was filed in the Medeiros Action.  On July 16, 2015, Plaintiffs in the Fanning Action and the Lindgren Action filed objections to the proposed settlement filed in the Medeiros Action and sought to intervene and to have the Actions consolidated.

1.8     On October 9, 2015, in response to a motion by the Plaintiffs in the Fanning Action and the Lindgren Action, the Medeiros Action was transferred to the Central District of California and later to the docket of the Honorable James V. Selna.

1.9     On February 18, 2016, March 24, 2016 and June 6, 2016, counsel representing all Parties participated in formal mediations before the Honorable Edward J. Infante (Ret.) of JAMS.  As a result of these mediations, the Parties reached a revised settlement in principle of the Actions.

1.10    The Parties now agree to settle the Actions in their entirety, without any admission of liability by HSBC, with respect to all Released Claims (as defined below) by Settlement Class Members.  The Parties intend this Agreement to bind Plaintiffs, HSBC and Settlement Class Members.

1.11    The Parties intend this Agreement to supersede and replace the proposed settlement previously filed in Medeiros.

**NOW, THEREFORE**, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, HSBC and Plaintiffs, on behalf of themselves and the Settlement Class, agree as follows, subject to approval by the Court:

## II.    DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

2.1     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

2.2     "Capital One" shall mean Capital One Financial Corporation.

2.3     "Claim Period" means the period of time in which certain Settlement Class Members must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement, as fully set forth below.

2.4     The "Claim Deadline" shall be the last day of the Claim Period, or 90 days following the Notice Deadline.

2.5     "Claim Form" or "Claim" means the claim form which certain Settlement Class Members may submit in order to obtain a Settlement Award.  The form attached as Exhibit 1 hereto is intended to be provided to those persons whose name appears on the Settlement Class List but who are not within the Direct Payment Group.  The form attached as Exhibit 2 hereto is intended to be provided to those persons whose name does not appear on the Settlement Class List.

2.6     "Class Counsel" means Hyde & Swigart, Kazerouni Law Group, APC, Law Offices of Todd M. Friedman, P.C., Altshuler Berzon LLP, The Mehdi Firm PC, Arleo Law Firm PLC, and Bailey & Galyen.

2.7     "Class Notice" means the notice that will be disseminated to notify persons in the Settlement Class of the Settlement, including one or more of the following:  E-mail Notice, Mail Notice, Website Notice, Publication Notice, and any different or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section 3.5 of this Agreement.

2.8     "Class Period" means the period from March 23, 2009 through May 1, 2012.

2.9     "Court" means the United States District Court for the Central District of California.

2.10    "*Cy Pres* Distribution" means money that may be distributed in connection with this Agreement pursuant to Section 3.7.C.

- 4 -

2.11    "Effective Date" means ten (10) business days after the last of the following dates:

(a)    All Parties, HSBC's Counsel, and Class Counsel have executed this Agreement;

(b)    The Court has entered, without material change, the Final Approval Order; and

(c)    The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

Any appeal relating solely to the allocation of attorneys' fees and costs among the various Class Counsel shall not be considered an "appeal" for purposes of calculating the Effective Date. An appeal seeking to modify the overall amount of attorneys' fees shall be considered an "appeal" for purposes of this paragraph.

2.12    "Direct Payment Group" shall have the meaning set forth in Section 2.31.

2.13    "E-Mail Notice" means the notice that will be provided pursuant to Section 3.5.A, subject to approval by the Court.  The form attached as Exhibit 3 hereto is intended to be provided to those persons whose name appears on the Settlement Class List but who are not within the Direct Payment Group.  The form attached hereto as Exhibit 4 is intended to be provided to the Direct Payment Group.

2.14    "Escrow Account" means the account to be established consistent with the terms and conditions described in Section 3.3.A.  The Escrow Account shall be held at a bank to be selected by Class Counsel and HSBC jointly.

2.15    "Exclusion or Opt-Out Request" means a written request submitted by persons in the Settlement Class requesting exclusion from the Settlement, as fully described in Section 3.11.A.

2.16    "Final Approval Hearing" means the hearing during which the Court will consider the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs, and expenses to be awarded to Class Counsel and the amount of service awards to Plaintiffs.

2.17    "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit 8. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

2.18    "HSBC's Counsel" means Stroock & Stroock & Lavan LLP.

2.19    "Mail Notice" means the postcard notice that will be provided pursuant to Section 3.5.A, subject to approval by the Court.  The form attached as Exhibit 3 hereto is intended to be provided to those persons whose name appears on the Settlement Class List but who are not within the Direct Payment Group.  The form attached hereto as Exhibit 4 is intended to be provided to the Direct Payment Group.

2.20    "Notice Deadline" shall have the meaning set forth in Section 3.2.A.

2.21    "Opt-Out and Objection Deadline" shall have the meaning set forth in Section 3.2.A.

2.22    "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 7.  "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

2.23    "Publication Notice" means the notice that will be published pursuant to Section 3.5.C, subject to approval by the Court, substantially in the form attached hereto as Exhibit 6.

2.24    "Released Claims" means all claims to be released as specified in Section 3.8. The "Releases" means all of the releases contained in Section 3.8 of this Agreement.

2.25    "Released Parties" means those persons and entities released as set forth in Section 3.8.

2.26    "Releasing Parties" means the Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any authorized users of their accounts and other persons claiming through any of them, as set forth in Section 3.8.

2.27    "Settlement" means this settlement into which the Parties have entered to resolve the Actions.   The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

2.28    "Settlement Administrator" means KCC LLC, subject to approval by the Court.

2.29    "Settlement Award" means a cash payment that may be available to eligible Settlement Class Members pursuant to Section 3.6.

2.30    "Settlement Class" means all persons in California who received a telephone call during the Class Period from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC.

2.31    "Settlement Class List" means the list of individuals to whom Class Notice will be emailed and/or mailed, to be determined by the Third Party Data Analyst, as defined below, as follows:

(a) All California credit card account holders listed in the records identifying HSBC California credit card account holders, which records were produced by Capital One in the *Fanning* Action in or about September 2014, and whose telephone number(s) appear in the

- 7 -

records of full-time recordings produced by Capital One in the *Fanning* Action in or about November 2013 (the "Direct Payment Group");

(b) All California credit card account holders listed in the records identifying HSBC California credit card account holders, which records were produced by Capital One in the *Fanning* Action in or about September 2014, and who appear on the Mixed-Use Data list produced by HSBC in the *Fanning* Action on or about July 19, 2013;

(c)     All California credit card account holders listed in the records identifying HSBC California credit card account holders, which records were produced by Capital One in the *Fanning* Action in or about September 2014, whose telephone number(s) appear in the autodialer logs produced by Capital One in the *Fanning* Action on or about July 17, 2015 and whose call records contain a result code that indicates that an actual telephone conversation took place (based on the result code keys provided by Capital One);

(d)     To the extent not duplicative of the above, all California credit card account holders listed in the records identifying HSBC California credit card account holders, which records were produced by Capital One in the *Fanning* Action in or about September 2014, and who appear in the list of persons produced in the *Fanning* Action by Capital One on or about August 6, 2013.

2.32    "Settlement Class Member" means any person in the Settlement Class who does not validly exclude himself or herself from the Settlement.

2.33    "Settlement Costs" means: (a) any award of attorneys' fees and litigation costs and expenses to Class Counsel approved by the Court; (b) any service awards to Plaintiffs approved by the Court; (c) costs of the Third Party Data Analyst to determine the Settlement Class List; (d) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Website Notice, Publication

Notice, and a toll-free telephone number and any different or additional notice that might be ordered by the Court); (e) all costs of administering the Settlement, including, but not limited to, the costs of printing, mailing and processing Claim Forms and Settlement Awards and other payments, the costs of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (f) the fees, expenses and all other costs of the Settlement Administrator.

2.34    "Settlement Fund" means Thirteen Million Dollars ($13,000,000), which is non-reversionary and which shall be HSBC's maximum liability for payment under the Settlement.

2.35    "Settlement Website" means the website that the Settlement Administrator shall establish to aid in the administration of the Settlement.

2.36    "Third Party Data Analyst" shall mean A.B. Data, LTD, subject to approval of the Court.

2.37    "Website Notice" means the notice provided pursuant to Section 3.5.B, substantially in the form attached hereto as Exhibit 5.  The Website Notice shall be posted on the Settlement Website.

2.38    "Valid Claim" means a claim that is submitted through a properly completed Claim Form submitted by a Settlement Class Member, which: (a) is postmarked if submitted by mail, or submitted via the Settlement Website if submitted online, on or before the Claim Deadline; (b) is sent to the address specified in the Notice and Claim Form or submitted online; (c) is fully and accurately completed; and (d) contains the required affirmation.

## III.    TERMS OF SETTLEMENT

3.1.    <u>Conditional Certification of the Settlement Class</u>.  Solely for the purposes of providing Class Notice and implementing the terms of this Agreement, the Parties agree to certification of the Settlement Class.  If for any reason whatsoever this Settlement is not finalized

or the Settlement as detailed in this Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Actions shall return to the status quo as it existed prior to this Agreement.   No doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Actions or in any other proceeding.   No agreements, documents or statements made by or entered into by any Party in connection with the Settlement, including but not limited to confirmatory discovery, may be used by Plaintiffs, any person in the proposed Settlement Class, HSBC or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

      3.2.    Preliminary Approval.

      A.    Preliminary Approval Motion.   On or before August 26, 2016, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (1) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (2) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (3) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within ninety (90) days following entry of the Preliminary Approval Order  (the "Notice Deadline"); (5) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class; (6) set a deadline ninety (90) days after the Notice

Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (7) approve the Claim Form and the claims process described herein; (8) set the Claim Period for the submission of Claims to end ninety (90) days after the Notice Deadline; (9) pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless those persons timely exclude themselves from the Settlement; (10) pending final determination of whether the Settlement should be approved, stay all proceedings in the Actions except those related to effectuating the Settlement; (11) appoint KCC LLC as the Settlement Administrator and A.B. Data, LTD as the Third Party Data Analyst; and (12) schedule a hearing to consider Final Approval of the Settlement and determination of the amount of fees, costs, and expenses awarded to Class Counsel and the amount of service awards to Plaintiffs, which shall be scheduled no earlier than forty-five (45) days after the Opt-Out and Objection Deadline.

B.  Stay/Bar of Proceedings.  All proceedings in the Actions will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Actions, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person in the Settlement Class, may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

3.3.  Settlement Consideration.

A. <u>The Settlement Fund</u>. The Settlement Fund shall be used to make all payments pursuant to the Settlement including, without limitation, (1) all Settlement Awards to Settlement Class Members who are not required to file a Claim Form as described in Section 3.6.A; (2) all Settlement Awards to claiming Settlement Class Members as described in Section 3.6.B; (3) court-approved attorneys' fees and litigation costs and expenses; (4) court-approved service awards to Plaintiffs; (5) costs of Settlement Administration and the Third Party Data Analyst. HSBC shall deposit the money comprising the Settlement Fund into the Escrow Account as follows: (1) HSBC shall advance the amounts necessary to pay for the Notice Program and settlement administration, including for determination of the Settlement Class List by the Third Party Data Analyst, which advances shall be credited against the Settlement Fund; and (2) HSBC shall pay the balance of the Settlement Fund into the Escrow Account within ten (10) business days following the Effective Date. There shall be no reversion to HSBC and under no circumstances shall HSBC be required to pay a total amount greater than thirteen million dollars ($13,000,000) under this Settlement.

The Escrow Account shall be treated at all times as a "Qualified Settlement Fund" within the meaning on Treasury Regulation §1.468B-1. Class Counsel and, as required by law, HSBC, shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation. For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Escrow Account shall be the Settlement Administrator. The Settlement Administrator shall timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under Treas. Reg. §1.468B-1. The Settlement Administrator shall timely and properly prepare and file any information and other tax returns necessary or advisable with respect to the Escrow Account and the distributions and payments

therefrom including without limitation the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable under Treas. Reg. §1.468B-2(1).

      B.   <u>Termination</u>.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section 3.11.C below, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to HSBC within ten (10) business days following the event that causes the Agreement to not become effective.

      3.4.   <u>Identification of Settlement Class Members.</u>  The individuals to be included in the Settlement Class List described above in Section 2.31 shall initially be identified by the Third Party Data Analyst using data produced in discovery in the *Fanning* Action by HSBC and Capital One as described above.  The Third Party Data Analyst shall use the same data produced in discovery and described above to determine how many telephone calls were placed to each individual on the Settlement Class List during the Class Period.  Within thirty (30) days following Preliminary Approval, the Third Party Data Analyst shall transmit to HSBC the Settlement Class List, which shall include, to the extent available, the name, address (including e-mail address, if available), telephone number and the number of telephone calls and/or recordings associated with each individual to be included on the Settlement Class List.  HSBC shall be advised of, and shall have the right at its sole expense to review, the methodology used by the Third Party Data Analyst regarding compilation of the Settlement Class List and the determination of how many calls were placed to each person on the Settlement Class List. HSBC shall have thirty (30) days following receipt of the Settlement Class List from the Third Party Data Analyst to add persons to the Settlement Class List whom HSBC and its expert consultant believe, in HSBC's sole discretion based on then-available records, are members of

the Settlement Class.  After the Settlement Class List has been finalized by the Third Party Data

Analyst, in consultation with HSBC and HSBC's expert consultants should HSBC so desire,

HSBC shall request that Capital One provide its most current, reasonably available email and

U.S. mail information for each person identified on the Settlement Class List to the Settlement

Administrator within thirty days following the request (HSBC's sole obligation in this regard is

to make the request; HSBC is not required to assure that Capital One comply with its request).

     3.5.   <u>Settlement Administrator</u>.   The Settlement Administrator shall administer the

Settlement.  The Settlement Administrator shall, by the Notice Deadline, provide:

     A.   <u>E-mail or Mail Notice</u>.   The Settlement Administrator will provide

individual notice via:  (1) electronic mail to the most recent e-mail address on the Settlement

Class List, to all persons in the Settlement Class for whom such records exist and who have not

opted out of receiving electronic mail from HSBC Card Services Inc. (the "E-mail Notice"); or

(2) postcard to the most recent mailing address on the Settlement Class List (a) for those persons

in the Settlement Class for whom there is no e-mail address on the Settlement Class List and/or

who have opted out of receiving e-mails from HSBC Card Services Inc., and (b) to those persons

in the Settlement Class to whom E-mail Notice was sent and returned as undeliverable (the "Mail

Notice").  The Settlement Administrator shall perform a National Change of Address update

before mailing the Mail Notice; all costs of National Change of Address and reverse look up will

be considered Settlement Costs and paid from the Settlement Fund.   The Settlement

Administrator shall perform skip tracing for all returned electronic and direct mail; all costs of

skip tracing will be considered Settlement Costs and paid from the Settlement Fund.  The E-mail

Notice and Mail Notice shall direct recipients to the Settlement Website.

     B.   <u>Website Notice</u>.  The Settlement Administrator will establish and maintain

the Settlement Website dedicated to the Settlement, on which will be posted the Website Notice,

Claim Form, a copy of this Agreement, the Preliminary Approval Order, the operative Complaints, and any other materials the Parties agree to include. These documents shall be available on the Settlement Website beginning thirty (30) days following entry of the Preliminary Approval Order and remain available until the Effective Date. The Settlement Website also shall provide for online submission of Claim Forms and provide for persons in the Settlement Class to update their contact information. The Settlement Administrator shall secure a URL for the Settlement Website proposed by Class Counsel and approved by HSBC, which shall not include the word "HSBC." In addition, the Settlement Website shall not bear or include HSBC or any of its parents, affiliates or subsidiaries' logos or trademarks.

C.     Publication Notice.   Notice shall also be provided by publication of a quarter page advertisement in the Los Angeles and San Francisco editions of the *USA Today* newspaper. No later than the Notice Deadline, or as soon as practicable thereafter, and subject to consultation by the Parties with the Settlement Administrator, the Settlement Administrator shall cause the Publication Notice substantially in the same form as the notice attached hereto as Exhibit 6 to be so published.

D.     Toll-Free Telephone Number.   By the Notice Deadline, the Settlement Administrator shall set up a toll-free telephone number for receiving toll-free calls for the purpose of providing information and details about the Settlement and to request that a Claim Form be sent out. The telephone number shall be maintained until thirty (30) days after the Opt-Out and Objection Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the deadline to submit a Claim Form has passed and that details regarding the Settlement may be reviewed on the Settlement Website.

E.   <u>CAFA Notice</u>.  HSBC shall be responsible for timely compliance with all CAFA Notice requirements.

3.6.   <u>Settlement Awards</u>.

A.   <u>Direct Payment to Settlement Class Members as to whom Records of Recording Exist</u>.  No Claim Form will be required for members of the Direct Payment Group, as defined in Section 2.31, above.   In the event the E-Mail or Mail Notice is returned as undeliverable to any of these persons, the person to whom the E-Mail or Mail Notice was directed shall be required to update his or her contact information either through the Settlement Website or by calling the Settlement Administrator before a Settlement Award is mailed.  The Settlement Award received by members of the Direct Payment Group shall be the "Base Award" amount multiplied by three times the number of telephone calls received by the Settlement Class Member during the Class Period that were or could have been recorded, as determined by the Third Party Data Analyst.  The Base Award amount will be calculated by, first, determining a Net Settlement Fund by subtracting from the total Settlement Fund of $13 million the amount of Court approved attorneys' fees, litigation expenses, service awards to Plaintiffs, costs of claims administration, and costs of the Third Party Data Analyst, and then, by dividing the Net Settlement Amount by the sum of (claims submitted by individuals not appearing in HSBC records who are entitled to a single Base Award) plus (total number of telephone calls to Settlement Class Members who submit valid claim forms) plus (three times the total number of telephone calls to members of the Direct Payment Group).

B.   <u>Remaining Settlement Class Members Must Submit a Claim Form to Receive a Settlement Award</u>.  All remaining Settlement Class Members will be eligible to make a Claim upon the Settlement Fund for a Settlement Award, which shall be paid by check, as set forth below.

1.  <u>Settlement Class Members Whose Names Appear on the Settlement Class List</u>.  To obtain a Settlement Award, members of the Settlement Class whose names appear on the Settlement Class List, but who are not a member of the Direct Payment Group, must submit a Claim Form and affirm that they received a telephone call regarding their HSBC credit card during the Class Period.  No other information is required with respect to the Claim Form; however, persons may update their contact information if appropriate.  The E-Mail and/or Mail Notice directed to these persons shall contain a unique identifying number to be used when submitting a Claim Form.  The Mail Notice shall also contain a tear-off postcard and the E-mail Notice shall contain a link to the Settlement Website, to facilitate the submission of Claim Forms.  The amount of the Settlement Award received by these persons shall be the Base Award amount multiplied by the number of telephone calls received by the Settlement Class Member during the Class Period that were or could have been recorded, as reflected in either Capital One's records or HSBC's records and using the methodology employed by the Third Party Data Analyst described above (as reviewed by HSBC and its experts at HSBC's election).

2.  <u>Settlement Class Members Whose Names Do Not Appear on the Settlement Class List</u>.  To receive a Settlement Award, Members of the Settlement Class whose names do not appear on the Settlement Class List must submit a timely Claim Form, on which they: (a) provide their full name and complete address (and e-mail address if available); (b) affirm that they received a telephone call regarding their HSBC credit card during the Class Period; (c) provide the telephone number at which the call was received; and (d) provide the approximate time frame when the call was received.  These Settlement Class Members may submit only one Claim Form, regardless of the number of times the Settlement Class Member received a call from HSBC that was recorded, the number of accounts held or obligations owed

at any time, or how many telephone numbers HSBC called during the Class Period.  The amount of the payment received by these persons shall be a single Base Award.

           C.    <u>Conditions for Claiming Settlement Awards</u>.  For those persons required to submit a Claim in order to receive a Settlement Award, as described above, Claim Forms must be submitted by mail to the Settlement Administrator or via the Settlement Website.  HSBC shall have the right to research and review the submitted Claim Forms and to direct the Settlement Administrator to deny Claims if HSBC has a good faith belief that such Claim Forms are fraudulent.  HSBC shall confer with Class Counsel before instructing the Settlement Administrator to reject Claim Forms under this provision.  Class Counsel shall be able to dispute any denial; if the Parties cannot resolve such dispute, they will mediate the denial before Judge Edward Infante (Ret.).  In order to be deemed timely, Claim Forms must be submitted via the Settlement Website or postmarked on or prior to the Claim Deadline.  Unless ordered by the Court, there will be no obligation to honor any Claim Form submitted or postmarked after the Claim Deadline, even if such Claim Form otherwise would be valid.

           D.    <u>Publication of Settlement Award Amount</u>.  The Class Notice shall not include an estimate of a Settlement Award.  Rather, the Class Notice shall describe in summary terms the process described in Sections 3.6.A and B.

      3.7.    <u>Distribution of Settlement Awards</u>.

           A.    <u>Settlement Award Payments</u>.  Settlement Awards shall be paid by check.  The Settlement Administrator shall mail, by first-class mail, a check or postcard check to each eligible Settlement Class Member receiving a Settlement Award within forty-five (45) days after the Effective Date.  The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs.  Checks will be valid for one hundred and twenty (120) days from the date on the check.  The amounts of any checks that

are returned as undeliverable or that remain uncashed more than one hundred and twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

      B.    <u>Second Distribution</u>.  If, after the expiration date of the checks distributed pursuant to Section 3.7.A, there remains money in the Settlement Fund sufficient to pay at least $10 to each Settlement Class Member who cashed his or her initial Settlement Award check, after calculating additional administration and mailing costs, such remaining monies will be distributed on a pro-rata basis to those Settlement Class Members (the "Second Distribution"). The Second Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section 3.7.A, and shall be paid in the same manner as the original Settlement Award.  Checks issued pursuant to the Second Distribution will be valid for one hundred and twenty (120) days from the date on the check.

      C.    <u>Remaining Funds</u>.  Money in the Settlement Fund that has not been distributed following the expiration of checks issued pursuant to the Second Distribution as set forth in Section 3.7.B, including money not distributed because there is not enough money in the Settlement Fund to justify a Second Distribution (the "Remaining Funds"), shall be paid as *cy pres* to the Rose Foundation's Consumer Privacy Rights Fund, subject to Court approval.  *Cy pres* payments will be drawn only from funds resulting from uncashed or undeposited checks and only if a Second Distribution to those eligible Settlement Class Members is not feasible pursuant to Section 3.7.B, and/or if there are funds remaining after the Second Distribution. No money remaining in the Settlement Fund shall revert to or otherwise be paid to HSBC.

      D.    <u>No Obligation to Make Second Distribution or to Distribute Remaining Funds</u>.  In the event no money remains in the Settlement Fund following the initial distribution

of Settlement Awards pursuant to Section 3.7.A, the Parties shall have no obligation whatsoever to make any distribution pursuant to Sections 3.7.B and C.

    3.8.  <u>Releases</u>.  As of the Effective Date, Plaintiffs and the Settlement Class Members provide the following releases:

> Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any authorized users of their accounts and other persons claiming through any of them, fully release and forever discharge HSBC Card Services Inc., HSBC Technology & Services (USA) Inc. and Capital One Financial Corporation, and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, vendors, independent contractors, predecessors in interest, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned (together, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute (including but not limited to California's Invasion of Privacy Act, Cal. Penal Code Sections 630 through 638, and other federal or state unfair and deceptive practices statutes or debt collection statutes), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory,

as of the date of entry of the Final Approval Order that arise out of or are related in any way to the recording or monitoring of telephone calls placed by or on behalf of HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. to the Settlement Class Members and the Releasing Parties from March 23, 2009 through May 1, 2012, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective. This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.   In

connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

3.9.    <u>Attorneys' Fees and Costs</u>.  Class Counsel shall move the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund.  HSBC understands that Class Counsel in the Actions may apply, separately or together, to the Court for an aggregate of up to thirty three and one third percent $(33^1/_3\%)$ of the gross Settlement Fund as reasonable attorneys' fees, and for an award of actual litigation costs and expenses, including expert costs, which amount shall be subject to Court approval and paid entirely from the Settlement Fund.  In no event shall the aggregate request for attorneys' fees exceed thirty three and one third percent $(33^1/_3\%)$ of the gross Settlement Fund.  Court approval of the requested attorneys' fees, or their respective amounts, shall not be a condition of the Settlement.  The fees and costs awarded by the Court may be paid to Class Counsel by the Settlement Administrator from the Escrow Account fifteen (15) business days after the Effective Date.  No interest will accrue on such amounts at any time.

3.10.    <u>Service Awards</u>.  Plaintiffs shall move the Court for a service award for the time and effort they have personally invested in this Actions to be paid to each of them out of the Settlement Fund, subject to Court approval.  HSBC understand that Plaintiffs, other than Terry J. Fanning and Stefan O. Lindgren, will seek service awards not to exceed $1,500 for each of them. HSBC further understands that Terry J. Fanning and Stefan O. Lindgren will seek service awards

not to exceed $5,000 for each of them.  Such service awards shall be paid to Plaintiffs at the same time as attorneys' fees and costs payments are paid to Class Counsel.  Court approval of the service awards or their amount shall not be a condition of the Settlement.  No interest will accrue on such amounts at any time.

      3.11.   <u>Opt-Out Right/Termination</u>.

      A.   <u>Opt-Out Requirements</u>.  All Settlement Class Members will be bound by all determinations and judgments in the Actions.  Persons in the Settlement Class may request exclusion from the Settlement by sending an Exclusion or Opt-Out Request to the Settlement Administrator at the address designated in the Class Notice no later than the Opt-Out and Objection Deadline.  To be valid, an Exclusion or Opt-Out Request must: (1) be signed by the person in the Settlement Class who is requesting exclusion; (2) include the full name, address, telephone number(s), and account number(s) of the person in the Settlement Class requesting exclusion (except that persons in the Settlement Class who do not have and have not had a credit card relationship with HSBC Bank Nevada, N.A. shall not be required to include an account number); and (3) include the following statement: "I/we request to be excluded from the settlement in the <u>Fanning</u> Action, the <u>Lindgren</u> Action and the <u>Medeiros</u> Action."  No Exclusion or Opt-Out Request will be valid unless all of the information described above is included.  For any person in the Settlement Class who has more than one account, the Exclusion or Opt-Out Request shall include all accounts.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

      B.   <u>Retention of Exclusion or Opt-Out Requests</u>.   The Settlement Administrator will retain a copy of all Exclusion or Opt-Out Requests and will, upon written request, provide copies of any such requests to counsel for the Parties.  Class Counsel will keep

any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

        C.    <u>Cap on Opt-Outs</u>.  In the event that the number of persons in the Settlement Class who validly and timely submit Exclusion or Opt-Out Requests exceeds two hundred and fifty (250), HSBC, in its sole discretion, may terminate the Settlement.  HSBC shall inform Class Counsel within thirty (30) days after HSBC is advised in writing that the number of valid Exclusion or Opt-Out Requests is higher than two hundred and fifty (250) as to whether it will exercise the right of termination.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

        3.12.   <u>Objections to the Settlement</u>.

        A.    <u>Right to Object</u>.  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the service awards, but only if the Settlement Class Member has first filed a written objection with the Court, in accordance with the requirements set forth below.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or service awards.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court by the Opt-Out and Objection Deadline.

        B.    <u>Objection Requirements</u>.  The Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The

- 24 -

objection must also be mailed to each of the following, postmarked not later than the Opt-Out and Objection Deadline: (1) Class Counsel – Abbas Kazerounian, Kazerouni Law Group, APC, 245 Fischer Avenue, Unit D1, Costa Mesa, Ca 92626, and Michael Rubin, Altshuler Berzon LLP, 177 Post Street, Suite 300, San Francisco, CA 94108; and (2) HSBC's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067.  To be a valid objection, such objection must:

(a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including but not limited to providing his or her full name, address, and the telephone number called by HSBC within the Class Period;

(b) include a statement of such Settlement Class Member's specific objections;

(c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider;

(d) state whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and

(e) disclose every prior objection to any class action settlement made by such Settlement Class Member including the case name, case number, and disposition of the prior objection(s).

3.13.   <u>Final Approval</u>.  Following completion of the Class Notice process and at least twenty-eight (28) days prior to the Final Approval Hearing, Plaintiffs shall request that the Court enter the Final Approval Order, which shall specifically include provisions that: (1) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (2) find that the Class Notice, as given, was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and

Federal Rule of Civil Procedure 23; (3) approve the plan of distribution for the Settlement Fund and any interest accrued thereon; (4) finally certify the Settlement Class; (5) confirm that Plaintiffs and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (6) dismiss the Actions with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Agreement.

3.14.  <u>Dismissal</u>.   Upon entry of the Final Approval Order, the Actions shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

3.15.  <u>Confirmatory Discovery</u>.  The Settlement shall not be subject to any additional confirmatory discovery.

3.16  <u>No Admissions</u>.   HSBC expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, confirmatory discovery and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (2) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (3) is or may be deemed a waiver of HSBC's right to challenge

- 26 -

class certification if this Settlement for any reason does not become final; or (4) is or may be deemed to be a waiver of HSBC's right to challenge the claims asserted in the Actions by Plaintiffs or any member of the Settlement Class.

3.17.   <u>No Publicity Beyond Notice Procedures</u>.  Class Counsel and/or Plaintiffs will not issue press releases or initiate any public statements regarding the Settlement, with the exception of language consistent with that contained in the Notices, which Class Counsel may use on their websites.  Class Counsel and/or Plaintiffs will not make statements of any kind to any third party regarding the Settlement prior to filing a motion for Preliminary Approval with the Court, with the exception of the Settlement Administrator and Third Party Data Administrator.  The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Actions or the Settlement.   In all communications, Class Counsel must comply with all confidentiality agreements in the Actions and not disclose information that is not a part of the public record.  Plaintiffs and Class Counsel shall refrain from disparaging any of the Released Parties publicly or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Actions or the Settlement.

## IV.   **GENERAL PROVISIONS**

4.1.   <u>Settlement Conditioned Upon Approval</u>.   The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.

4.2.   <u>Evidentiary Preclusion</u>.   In order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim, the Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them.

4.3.   <u>Destruction of Confidential Documents</u>.  It is agreed that the originals and all copies of all confidential documents and/or information subject to all confidentiality agreements and the anticipated Confidentiality Order to be submitted for Court approval by the Parties ("Confidential Material") shall be returned to the producing party within thirty (30) days after the Effective Date.  However, the Settlement Class List and data upon which the Settlement Class List is based need not be destroyed or returned to the producing party until thirty (30) days after expiration of the last Settlement Award check issued in accordance with this Agreement. Nothing in the Agreement shall require attorney work product or pleading files to be returned. The Parties may agree in writing that certain Confidential Material may be destroyed in lieu of being returned.  The person who received Confidential Material shall confirm in writing that: (1) all Confidential Material has been either returned or destroyed, as applicable; (2) no copies of Confidential Material of any nature have been retained; (3) if applicable, the precise method used to destroy the Confidential Material; and (4) the method used to securely destroy/remove the data from all systems and media, *e.g.* using NIST SP 800-88 Revision 1 or DoD 5220.22-M guidelines and/or if using a third party to physically destroy media, obtain and provide certificates of destruction.

4.4.   <u>No Construction Against Drafter</u>.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

4.5.   <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written

instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

4.6. <u>Authority</u>. The Parties represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and HSBC to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

4.7. <u>No Assignment</u>. No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

4.8. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

4.9. <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

4.10. <u>Execution in Counterparts</u>.   The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

4.11. <u>Notices</u>.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and the Settlement Class:</u>          <u>As to HSBC</u>:

KAZEROUNI LAW GROUP                    STROOCK & STROOCK & LAVAN LLP
Abbas Kazerounian                                Julia B. Strickland
ak@kazlg.com                                        jstrickland@stroock.com
245 Fischer Avenue, Unit D1                  Arjun P. Rao
Costa Mesa, CA 92626                           arao@stroock.com
                                                              2029 Century Park East
ALTSHULER BERZON LLP                      Los Angeles, CA 90067
Michael Rubin
mrubin@altber.com
177 Post Street, Suite 300
San Francisco, CA 94180

4.12. <u>Retention of Jurisdiction</u>.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement even after Final Approval and dismissal, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed

as follows:

**PLAINTIFFS:**

_Gail Medeiros_                                    Dated: August 25, 2016
Gail Medeiros


_____                           Dated: August ___, 2016
Tracy T. Bomberger


_____                           Dated: August ___, 2016
Peter Morrissey


_____                           Dated: August ___, 2016
Julie Pulatie


_____                           Dated: August ___, 2016
Terry Fanning


_____                           Dated: August ___, 2016
Stefan O. Lindgren


_____                           Dated: August ___, 2016
Tatiana Jabbar


**HSBC CARD SERVICES INC.:**                       Dated: August ___, 2016


By:    _____


Its:   _____


- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____

Gail Medeiros

Dated:  August  ___, 2016

_____

Tracy T. Bomberger

Dated:  August 25, 2016

_____

Peter Morrissey

Dated:  August  ___, 2016

_____

Julie Pulatie

Dated:  August  ___, 2016

_____

Terry Fanning

Dated:  August  ___, 2016

_____

Stefan O. Lindgren

Dated:  August  ___, 2016

_____

Tatiana Jabbar

Dated:  August  ___, 2016

**HSBC CARD SERVICES INC.:**

Dated:  August  ___, 2016

By:  _____

Its:  _____

- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                 Dated:  August ___, 2016
Gail Medeiros


_____                 Dated:  August ___, 2016
Tracy T. Bomberger


_____                 Dated:  August 25, 2016
Peter Morrissey


_____                 Dated:  August ___, 2016
Julie Pulatie


_____                 Dated:  August ___, 2016
Terry Fanning


_____                 Dated:  August ___, 2016
Stefan O. Lindgren


_____                 Dated:  August ___, 2016
Tatiana Jabbar


**HSBC CARD SERVICES INC.:**                     Dated:  August ___, 2016


By:  _____


Its:  _____

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                    Dated: August ___, 2016
Gail Medeiros

_____                    Dated: August ___, 2016
Tracy T. Bomberger

_____                    Dated: August ___, 2016
Peter Morrissey

_____                    Dated: August 24, 2016
Julie Pulatie

_____                    Dated: August ___, 2016
Terry Fanning

_____                    Dated: August ___, 2016
Stefan O. Lindgren

_____                    Dated: August ___, 2016
Tatiana Jabbar

**HSBC CARD SERVICES INC.:**                Dated: August ___, 2016

By: _____

Its: _____

- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                           Dated: August ___, 2016
Gail Medeiros

_____                           Dated: August ___, 2016
Tracy T. Bomberger

_____                           Dated: August ___, 2016
Peter Morrissey

_____                           Dated: August ___, 2016
Julie Pulatie

_____                           Dated: August 25, 2016
Terry Fahrning

_____                           Dated: August ___, 2016
Stefan O. Lindgren

_____                           Dated: August ___, 2016
Tatiana Jabbar

**HSBC CARD SERVICES INC.:**                       Dated: August ___, 2016

By: _____

Its: _____

- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____  Dated: August ___, 2016
Gail Medeiros

_____  Dated: August ___, 2016
Tracy T. Bomberger

_____  Dated: August ___, 2016
Peter Morrissey

_____  Dated: August ___, 2016
Julie Pulatie

_____  Dated: August ___, 2016
Terry Fanning

_____  Dated: August 24, 2016
Stefan O. Lindgren

_____  Dated: August ___, 2016
Tatiana Jabbar

**HSBC CARD SERVICES INC.:**  Dated: August ___, 2016

By: _____

Its: _____

- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                    Dated: August ___, 2016

Gail Medeiros


_____                    Dated: August ___, 2016

Tracy T. Bomberger


_____                    Dated: August ___, 2016

Peter Morrissey


_____                    Dated: August ___, 2016

Julie Pulatie


_____                    Dated: August ___, 2016

Terry Fanning


_____                    Dated: August ___, 2016

Stefan O. Lindgren


_____                    Dated: August 25, 2016

Tatiana Jabbar


**HSBC CARD SERVICES INC.:**                Dated: August ___, 2016


By: _____


Its: _____

- 31 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                Dated:  August ____, 2016
Gail Medeiros

_____                Dated:  August ____, 2016
Tracy T. Bomberger

_____                Dated:  August ____, 2016
Peter Morrissey

_____                Dated:  August ____, 2016
Julie Pulatie

_____                Dated:  August ____, 2016
Terry Fanning

_____                Dated:  August ____, 2016
Stefan O. Lindgren

_____                Dated:  August ____, 2016
Tatiana Jabbar

**HSBC CARD SERVICES INC.:**                Dated:  August 25, 2016

By: _____

Its: _____

- 31 -

**HSBC TECHNOLOGY & SERVICES
(USA) INC.:**

Dated:  August 25, 2016

By: _Steven G. Kline_

Its: _STEVEN G. KLING_

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                              Dated:  August 25, 2016

By: _____
     Joshua B. Swigart

Kazerouni Law Group, APC                                   Dated:  August ___, 2016

By: _____
     Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                      Dated:  August ___, 2016

By: _____
     Todd M. Friedman

Altshuler Berzon LLP                                       Dated:  August ___, 2016

By: _____
     Michael Rubin

Arleo Law Firm, PLC                                        Dated:  August ___, 2016

By: _____
     Elizabeth J. Arleo

The Mehdi Firm, P.C.                                       Dated:  August ___, 2016

By: _____
     Azra Z. Mehdi

Bailey & Galyen                                            Dated:  August ___, 2016

By: _____
     Steve Maxwell

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                          Dated:  August ___, 2016

By:  _____
     Joshua B. Swigart

Kazerouni Law Group, APC                               Dated:  August _25_, 2016

By:  _____
     Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                  Dated:  August ___, 2016

By:  _____
     Todd M. Friedman

Altshuler Berzon LLP                                   Dated:  August ___, 2016

By:  _____
     Michael Rubin

Arleo Law Firm, PLC                                    Dated:  August ___, 2016

By:  _____
     Elizabeth J. Arleo

The Mehdi Firm, P.C.                                   Dated:  August ___, 2016

By:  _____
     Azra Z. Mehdi

Bailey & Galyen                                        Dated:  August ___, 2016

By:  _____
     Steve Maxwell

- 33 -

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                            Dated: August ___, 2016

By: _____
     Joshua B. Swigart

Kazerouni Law Group, APC                                 Dated: August ___, 2016

By: _____
     Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                    Dated  August 25, 2016

By: _____
     Todd M. Friedman

Altshuler Berzon LLP                                     Dated: August ___, 2016

By: _____
     Michael Rubin

Arleo Law Firm, PLC                                      Dated: August ___, 2016

By: _____
     Elizabeth J. Arleo

The Mehdi Firm, P.C.                                     Dated: August ___, 2016

By: _____
     Azra Z. Mehdi

Bailey & Galyen                                          Dated: August ___, 2016

By: _____
     Steve Maxwell

- 33 -

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                                Dated: August ___, 2016


By: _____
    Joshua B. Swigart

Kazerouni Law Group, APC                                     Dated: August ___, 2016


By: _____
    Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                        Dated: August ___, 2016


By: _____
    Todd M. Friedman

Altshuler Berzon LLP                                         Dated: August 25, 2016


By: _____
    Michael Rubin

Arleo Law Firm, PLC                                          Dated: August ___, 2016


By: _____
    Elizabeth J. Arleo

The Mehdi Firm, P.C.                                         Dated: August ___, 2016


By: _____
    Azra Z. Mehdi


Bailey & Galyen                                              Dated: August ___, 2016


By: _____
    Steve Maxwell

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                                           Dated:  August ___, 2016


By:  _____
       Joshua B. Swigart

Kazerouni Law Group, APC                                    Dated:  August ___, 2016


By:  _____
       Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                 Dated:  August ___, 2016


By:  _____
       Todd M. Friedman

Altshuler Berzon LLP                                            Dated:  August ___, 2016


By:  _____
       Michael Rubin

Arleo Law Firm, PLC                                            Dated:  August 24, 2016


By:  _____
       Elizabeth J. Arleo

The Mehdi Firm, P.C.                                            Dated:  August ___, 2016


By:  _____
       Azra Z. Mehdi

Bailey & Galyen                                                   Dated:  August ___, 2016


By:  _____
       Steve Maxwell

- 33 -

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                          Dated: August ___, 2016

By: _____
     Joshua B. Swigart

Kazerouni Law Group, APC                               Dated: August ___, 2016

By: _____
     Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.                  Dated: August ___, 2016

By: _____
     Todd M. Friedman

Altshuler Berzon LLP                                   Dated: August ___, 2016

By: _____
     Michael Rubin

Arleo Law Firm, PLC                                    Dated: August ___, 2016

By: _____
     Elizabeth J. Arleo

The Mehdi Firm, P.C.                                   Dated: August **25**, 2016

By: _____
     Azra Z. Mehdi

Bailey & Galyen                                        Dated: August ___, 2016

By: _____
     Steve Maxwell

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Hyde & Swigart                                               Dated: August ___, 2016


By: _____
      Joshua B. Swigart

Kazerouni Law Group, APC                          Dated: August ___, 2016


By: _____
      Abbas Kazerounian

Law Offices of Todd M. Friedman, P.C.          Dated: August ___, 2016


By: _____
      Todd M. Friedman

Altshuler Berzon LLP                                    Dated: August ___, 2016


By: _____
      Michael Rubin

Arleo Law Firm, PLC                                    Dated: August ___, 2016


By: _____
      Elizabeth J. Arleo

The Mehdi Firm, P.C.                                    Dated: August ___, 2016


By: _____
      Azra Z. Mehdi


Bailey & Galyen                                            Dated: August 26, 2016


By: _____
      Steve Maxwell

- 33 -

**APPROVED AS TO FORM:**

**HSBC'S COUNSEL**

Stroock & Stroock & Lavan LLP                                    Dated:  August 26, 2016

By:   Julia B. Strickland

**EXHIBIT 1**

**CLAIM FORM [NAME ON SETTLEMENT CLASS LIST BUT NOT DIRECT PAYMENT]**

***Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,*** **United States District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros");** ***Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,*** **United States District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("Fanning");** ***Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,*** **United States District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("Lindgren") (collectively "HSBC California Call Recording Lawsuits")**

**_____, Settlement Administrator**　　　　**Toll-Free Number: x-xxx-xxx-xxxx**
**PO Box [_____]**　　　　　　　　　　　　　　**Website: www.xxxxxxxxxxxxxx.com**
**[_____]**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST COMPLETE SECTION 1 AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> [INSERT CLAIM DEADLINE].**

**1.　<u>AFFIRMATION</u>:**

By signing below, I affirm that, on or after March 23, 2009 through May 1, 2012, I received one or more telephone call(s) from HSBC regarding an HSBC credit card account.

Signature: _____

Name (please print): _____

Date: _____

**2.　<u>CLAIMANT CONTACT INFORMATION (IF ADDRESS ABOVE IS NOT CORRECT)</u>:**

_____  _____  _____
FIRST NAME　　　　　　　　MIDDLE NAME　　　LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____  _____  _____ - _____
CITY　　　　　　　　　　　　　　　　　　　STATE　　　ZIP　　　　　(optional)

　　　　E-MAIL ADDRESS (if applicable)

**QUESTIONS? VISIT www.xxxxxxxxxxxxxxxxxxx.com OR CALL [_____]**

**[Claim Form – Name on Settlement Class List But Not Direct Payment Group]**

## **EXHIBIT 2**

## **CLAIM FORM [NAME NOT ON SETTLEMENT CLASS LIST]**

*Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros");** *Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("Fanning");** *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("Lindgren") (collectively "HSBC California Call Recording Lawsuits")**

_____, Settlement Administrator

PO Box [_____]

[_____]

**Toll-Free Number: x-xxx-xxx-xxxx**

**Website: www.xxxxxxxxxxxxxxx.com**

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

## CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS SUBMITTED ONLINE, YOU MUST SUBMIT AN ELECTRONIC SIGNATURE.**

**YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE [INSERT CLAIM DEADLINE].**

1.  **INFORMATION:**

_____   _____   _____

FIRST NAME          MIDDLE NAME      LAST NAME

_____

ADDRESS 1

_____

ADDRESS 2

_____   _____   _____ - _____

CITY                               STATE      ZIP        (optional)

_____

E-MAIL ADDRESS (if applicable)

2.  **CALL INFORMATION:**

_____   _____

TELEPHONE NUMBER(S) (where you received call(s))      APPROXIMATE TIME FRAME WHEN CALL RECEIVED

3.  **AFFIRMATION:**

By signing below, I affirm that the information above is true and accurate to the best of my knowledge at this time and that I received one or more telephone call(s) from HSBC regarding a credit card account at the number and during the approximate time frame listed above.  I understand that the accuracy of my affirmation and this Claim Form may be researched and verified by HSBC and/or the Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.xxxxxxxxxxxxxxxxxxx.com OR CALL [_____]**
**[Claim Form – Name Not on Settlement Class List]**

## **EXHIBIT 3**

## **E-MAIL NOTICE / MAIL NOTICE [NAME ON SETTLEMENT CLASS LIST BUT NOT DIRECT PAYMENT]**

E-Mail Notice / Mail Notice For Persons On Settlement Class List But Must File Claim
**E-Mail Notice / Mail Notice**

*Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros");** *Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("Fanning");** *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("Lindgren") (collectively "HSBC California Call Recording Lawsuits")**

**HSBC's records indicate that you may be a member of the Settlement Class in this action. The Settlement Class is defined as California residents who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and that call was recorded or monitored by or on behalf of HSBC.**

**The purpose of this Notice is to inform Settlement Class members of the terms of the proposed settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website, www._____.com. You may also call the Toll-Free Settlement Hotline, _____.**

Plaintiffs in the HSBC California Call Recording Lawsuits claim that HSBC violated the California Invasion of Privacy Act, Cal. Penal Code Section 630, et seq., by placing calls to them regarding their credit card accounts and recording or monitoring those calls without their consent between March 23, 2009 and May 1, 2012. HSBC denies the allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or HSBC's defenses.

**TERMS OF THE SETTLEMENT**

HSBC has agreed to pay $13,000,000 into a Settlement Fund, which will pay cash awards to Settlement Class members, attorneys' fees, costs and expenses incurred by counsel for Plaintiffs and the Settlement Class ("Class Counsel"), service awards for Plaintiffs, a possible charitable contribution, and the cost of notice and administration of the settlement, if approved by the Court. **Settlement Class member compensation will vary. Certain Settlement Class members whose electronic telephone recordings have been identified from HSBC's records will receive compensation based upon the number of recorded telephone conversations. Other Settlement Class members whose calls have been identified as potentially being recorded will be required to submit a valid Claim Form to receive compensation, which will be based upon the number of possibly recorded telephone conversations as determined from HSBC's records. Finally, persons who are not identified within HSBC's records must submit a Claim Form to receive a single cash award amount regardless of the number of possibly recorded telephone conversations.**

**DEADLINES UNDER THE SETTLEMENT**

- **To receive benefits under the settlement, you <u>must</u> submit a valid Claim Form by no later than _____, 2016.** Claim Forms may be obtained on the Settlement Website or by calling the Toll-Free Settlement Hotline. Claim Forms must be submitted by U.S. mail or electronically through the Settlement Website. More details can be found on the Settlement Website.

- **To exclude yourself from the settlement, you must submit a written exclusion request postmarked on or before _____, 2016** to the Claims Administrator at HSBC California Call Recording Lawsuits, c/o _____, P.O. Box ____, _____, __ _____-____. To be valid, the written exclusion request must contain the specific information described on the Settlement Website. If you do not submit a valid and timely exclusion request, you will be bound by the terms of the settlement and you will give up your right to sue regarding telephone calls placed to you by or on behalf of HSBC Card Services Inc. that were recorded or monitored.

- **To object to or comment on the settlement, including Class Counsel's fee, cost and expense request, you must file an objection with the Court no later than _____, 2016.** To be considered, objections must contain the specific information described on the Settlement Website. **Class Counsel is requesting attorneys' fees, in the amount of 33% of the total Settlement Fund, plus litigation expenses of $_____. Class Counsel's request and supporting documents will be available for viewing on the Settlement Website by _____.** Anyone who objects to the settlement may ask to appear at the Final Approval Hearing, described below. If your objection is properly submitted,

E-Mail Notice / Mail Notice For Persons On Settlement Class List But Must File Claim

the Court will consider it whether or not you appear at the hearing.  Even if you submit an objection, to benefit from this settlement, you must submit a valid and timely Claim Form.

- **If you do nothing**, you will not receive a cash award and you will lose the right to sue regarding telephone calls placed to you by or on behalf of HSBC Card Services Inc. that were recorded or monitored.

- **The Final Approval Hearing will take place on _____, 2017 at \_:\_\_ \_.m**. in Courtroom 10C at the U.S. District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516.

**Additional details about your rights and options are available on the Settlement Website, www._____.com.  If you have further questions, you can call the Toll-Free Settlement Hotline, _____.  Do not call the Court, HSBC or HSBC's Counsel.**

**EXHIBIT 4**

**E-MAIL NOTICE / MAIL NOTICE [DIRECT PAYMENT]**

E-Mail Notice / Mail Notice For Direct Payment Group

**E-Mail Notice / Mail Notice**

*Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros");** *Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("Fanning");** *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* **United States District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("Lindgren") (collectively "HSBC California Call Recording Lawsuits")**

**HSBC's records indicate that you are a member of the Settlement Class in this action. The Settlement Class is defined as California residents who received a call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and that call was recorded or monitored by or on behalf of HSBC.**

**The purpose of this Notice is to inform Settlement Class members of the terms of the proposed settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website, www._____.com. You may also call the Toll-Free Settlement Hotline, _____.**

Plaintiffs in the HSBC California Call Recording Lawsuits claim that HSBC violated the California Invasion of Privacy Act, Cal. Penal Code Section 630, et seq., by placing calls to them regarding their credit card accounts and recording or monitoring those calls without their consent between March 23, 2009 and May 1, 2012. HSBC denies the allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or HSBC's defenses.

**TERMS OF THE SETTLEMENT**

HSBC has agreed to pay $13,000,000 into a Settlement Fund, which will pay cash awards to Settlement Class members, attorneys' fees, costs and expenses incurred by counsel for Plaintiffs and the Settlement Class ("Class Counsel"), service awards for Plaintiffs, a possible charitable contribution, and the cost of notice and administration of the settlement, if approved by the Court. **Settlement Class member compensation will vary. Certain Settlement Class members whose electronic telephone recordings have been identified from HSBC's records will receive compensation based upon the number of recorded telephone conversations. Other Settlement Class members whose calls have been identified as potentially being recorded will be required to submit a valid Claim Form to receive compensation, which will be based upon the number of possibly recorded telephone conversations as determined from HSBC's records. Finally, persons who are not identified within HSBC's records must submit a Claim Form to receive a single cash award amount regardless of the number of possibly recorded telephone conversations.**

**DEADLINES UNDER THE SETTLEMENT**

- **You do not need to submit a Claim Form to receive benefits under the settlement.** Instead, you will automatically receive a check reflecting your compensation, which will be mailed to the address listed above unless this notice is returned as undeliverable. To update your contact information, including your address, you may visit the Settlement Website or call the Toll-Free Settlement Hotline. Any updates must be provided no later than _____, 2016. More details can be found on the Settlement Website.

- **To exclude yourself from the settlement, you must submit a written exclusion request postmarked on or before _____, 2016** to the Claims Administrator at HSBC California Call Recording Lawsuits, c/o _____, P.O. Box ____, _____, __ _____-____. To be valid, the written exclusion request must contain the specific information described on the Settlement Website. If you do not submit a valid and timely exclusion request, you will be bound by the terms of the settlement and you will give up your right to sue regarding calls placed to you by or on behalf of HSBC that were recorded or monitored.

- **To object to or comment on the settlement, including Class Counsel's fee, cost and expense request, you must file an objection with the Court no later than _____, 2016.** To be considered, objections must contain the specific information described on the Settlement Website. **Class Counsel is requesting attorneys' fees in the amount of 33% of the total Settlement Fund, plus $_____ in litigation expenses. Class Counsel's request and supporting documents will be available for viewing on the Settlement Website by _____.** Anyone who objects to the settlement may ask to appear at the Final Approval Hearing, described below. If your objection is properly submitted,

E-Mail Notice / Mail Notice For Direct Payment Group

the Court will consider it whether or not you appear at the hearing.  Even if you submit an objection, if the settlement is finally approved, you will receive compensation check.

- **If you do nothing**, you will receive a compensation check and you will lose the right to sue regarding telephone calls placed to you by or on behalf of HSBC Card Services Inc. that were recorded or monitored.

- **The Final Approval Hearing will take place on _____, 2017 at _:__ _.m**. in Courtroom 10C at the U.S. District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516.

**Additional details about your rights and options are available on the Settlement Website, www._____.com.  If you have further questions, you can call the Toll-Free Settlement Hotline, _____.  Do not call the Court, HSBC or HSBC's Counsel.**

**EXHIBIT 5**

**WEBSITE NOTICE**

*Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* United States District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("*Medeiros*"); *Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* United States District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("*Fanning*"); *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.,* United States District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("*Lindgren*") (collectively "HSBC California Call Recording Lawsuits")

If you are a California resident and received a telephone call from or on behalf of HSBC Card Services Inc. between March 23, 2009 and May 1, 2012 and that call was recorded or monitored, you may be entitled to benefits under a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement will provide $13,000,000 (the "Settlement Fund") to fully settle and release claims of California residents who received a call from or on behalf of HSBC Card Services Inc. between March 23, 2009 and May 1, 2012 and whose call(s) was recorded or monitored (the "Settlement Class").

- Plaintiffs in the HSBC California Call Recording Lawsuits allege that certain of these calls violated the California Invasion of Privacy Act, Cal. Penal Code Sections 632 and 632.7 ("CIPA"). HSBC denies Plaintiffs' allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or HSBC's defenses. By entering into the settlement, HSBC has not conceded the truth or validity of any of the claims against it.

- The Settlement Fund will be used to pay all amounts related to the settlement, including cash awards to Settlement Class members, attorneys' fees, costs and expenses to attorneys representing Plaintiffs and the Settlement Class ("Class Counsel"), any service awards to Plaintiffs, a possible charitable contribution if there are uncashed settlement checks, and the costs of notice and administration of the settlement.

- Settlement Class member compensation will vary. Certain Settlement Class members whose recorded telephone conversations have been identified from HSBC's records will receive compensation based upon the number of recorded conversations. Other Settlement Class members whose calls have been identified as potentially being recorded will be required to submit a valid claim form ("Claim Form") to receive compensation, which will be based upon the number of possibly recorded telephone conversations as determined from HSBC's records. Finally, persons who are not identified within HSBC's records must timely submit a valid Claim Form to receive a single cash award amount regardless of the number of possibly recorded telephone conversations.

- Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | Unless you received an e-mail or postcard advising you that you do not need to submit a Claim Form, you must submit a valid Claim Form by _____, 2016, to receive a settlement payment.  Claim Forms may be submitted by U.S. mail to _____ or through the Settlement Website by clicking [here]. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a settlement payment.  This is the only option that allows you to pursue your own claims against HSBC and/or other Released Parties in the future.  The deadline for excluding yourself is _____, 2016. |
| OBJECT TO THE SETTLEMENT | Write to the Court about why you believe the settlement is unfair in any respect.  The deadline for objecting is _____, 2016.  To obtain compensation from this settlement, you must still submit a Claim Form (unless you received an e-mail or postcard advising you that you need not submit a Claim Form), to obtain a settlement payment.  If you submit only an objection, you will not receive any cash benefit from the settlement and you will give up your rights to sue HSBC and/or any other Released Parties on a Released Claim. |
| DO NOTHING | If you do nothing, you will not receive a settlement payment (unless you received an e-mail or postcard advising you that you do not need to submit a Claim Form) and you will give up your rights to sue HSBC and/or any other Released Parties on a Released Claim. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.  What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed settlement has been reached in the putative class action lawsuits entitled *Medeiros, et al., v. HSBC Card Services, Inc., et al.*, Case No. 2:15-cv-09093-JVS-AFM (C.D. Cal.) ("Medeiros"); *Fanning et al. v. HSBC Card Services,*

*Inc. and HSBC Technology & Services (USA), Inc.*, Case No. 12-cv-00885-JVS-RNBx (C.D. Cal.) ("Fanning"); and *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.*, Case No. 14-cv-05615-JVS-RNBx (C.D. Cal.) ("Lindgren").  Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2.   What does it mean if I received an email or postcard about this settlement?

If you received an email or postcard describing this settlement, that is because HSBC's records indicate that you may be a member of the Settlement Class.  You are a member of the Settlement Class if you are a California resident who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and that call was recorded or monitored by or on behalf of HSBC.  If you received an email or postcard notice, please read it carefully as it will indicate whether you must submit a Claim Form to receive a settlement payment.

### 3.   What are these class action lawsuits about?

In a class action, one or more persons called a Class Representative (here, Plaintiffs) who sues on behalf of people who have similar alleged claims.  This group is called a "class" and the persons included are called "class members."  One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim that HSBC violated CIPA by placing telephone calls to each of them between March 23, 2009 and May 1, 2012 and recording or monitoring those calls without consent.  HSBC denies these allegations and denies any claim of wrongdoing.  The Court has conditionally certified a class action for settlement purposes only.  The Honorable James V. Selna is presiding over these lawsuits.

### 4.   Why is there a settlement?

The Court did not decide in favor of Plaintiffs or HSBC.  Instead, the parties agreed to this settlement.  That way, they avoid the risk and cost of a trial, and the Settlement Class members are eligible to receive compensation.  Plaintiffs and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

### 5.   How do I know if I am a part of the Settlement Class?

The Court has certified a class action for settlement purposes only.  The Settlement Class is defined as:

> All persons in California who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC.

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class.  If you are still not sure whether you are included, you may visit other sections of the Settlement Website, www.xxxxxxxxxxx.com, you may write to the Settlement Administrator at HSBC California Call Recording Lawsuits, c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

### 6.  Do I have lawyers in this case?

The Court has appointed the law firms of Hyde & Swigart, Kazerouni Law Group, APC, Law Offices of Todd M. Friedman, P.C., Altshuler Berzon LLP, The Mehdi Firm PC, Arleo Law Firm PLC, and Bailey and Galyen as Class Counsel to represent you and the other persons in the Settlement Class.  You will not be personally charged by these lawyers.

### 7.  How will Class Counsel and Class Representatives be paid?

Class Counsel will ask the Court to approve payment of thirty-three percent (33 and 1/3%) of the Settlement Fund ($4,333,333.33) to them for attorneys' fees, plus $_____for their costs and expenses.  Class Counsel also will ask the Court to approve payment of $1,500 to five of the named Plaintiffs, and Plaintiffs Terry J. Fanning and Stefan O. Lindgren will ask the Court to approve payment of $5,000, for their services as Class Representatives.  The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.  What does the settlement provide?

**Settlement Fund**.  HSBC will pay $13,000,000 into the Settlement Fund, which will cover all costs of settlement including:  (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees to Class Counsel, in an amount not to exceed thirty-three (33 and 1/3%) of the Settlement Fund, plus litigation costs and expenses of $_____, as approved by the Court; (3) service awards to the named plaintiffs, in an amount not to exceed $1,500 except that Terry J. Fanning and Stefan O. Lindgren will seek up to $5,000, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a charitable contribution.

**Cash Payments**.  All Settlement Class Members are eligible to receive a settlement payment, also called a settlement award.  Settlement Class Member compensation will vary.  Certain Settlement Class Members whose telephone recordings have been identified from HSBC's records will receive compensation based upon the number of recorded telephone conversations (the "Direct Payment Group").  Other Settlement Class Members whose calls have been identified as potentially being recorded will be required to timely submit a valid Claim Form to receive compensation based upon the number of possibly recorded calls.  Finally, persons who are not identified within HSBC's records must submit a Claim Form to receive a single cash award amount regardless of the number of possibly recorded telephone conversations.

For more information, refer to the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to HSBC.**  Any money remaining in the Settlement Fund after paying all settlement payments to Settlement Class Members, attorneys' fees, costs and expenses to Class Counsel, any service awards to Plaintiffs and the costs of notice and administration of the settlement will be paid either:  (1) in a second distribution to Settlement Class Members whose initial settlement checks were cashed; or (2) if there are not enough funds to justify a second distribution, to a charitable organization proposed by the parties and approved by the Court.  There will only be a second distribution if there are enough funds to pay each Settlement Class Member $10.00 or more through a second distribution while taking into account additional administrative and mailing costs.  No portion of the Settlement Fund will return to HSBC.

| **9.  How much will my payment be?** |
|---|

Settlement Class Member compensation will vary, as discussed in Question 8, above.  The Settlement Award received by members of the Direct Payment Group will be the "Base Award" amount multiplied by three times the number of telephone calls received by the Settlement Class Member during the Class Period that were or could have been recorded, as determined by the Third Party Data Analyst.

As discussed under Question 8, persons whose name appears in HSBC's records but who are not within the Direct Payment Group must timely submit a valid Claim Form to receive a Settlement Award.  The amount of the Settlement Award received by these persons will be the Base Award amount multiplied by the number of telephone calls received by the Settlement Class Member during the Class Period that were or could have been recorded, as reflected in HSBC's records and using the methodology employed by the Third Party Data Analyst.

Finally, persons whose names do not appear in HSBC's records who want to receive a settlement payment must also timely submit a valid Claim Form to receive a Settlement Award.  These Settlement Class Members may submit only one Claim Form, regardless of the number of times the Settlement Class Member received a telephone call from HSBC that was recorded, the number of HSBC credit card accounts held or obligations owed at any time, or how many telephone numbers HSBC used to call that person during the Class Period.  The amount of the payment received by these persons will be a single Base Award.

The Base Award amount will be calculated by, first, determining a Net Settlement Fund by subtracting from the total Settlement Fund of $13 million the amount of Court approved attorneys' fees, litigation expenses, service awards to Plaintiffs, costs of claims administration, and costs of the Third Party Data Analyst, and then, by dividing the Net Settlement Amount by the sum of (claims submitted by individuals not appearing in HSBC records who are entitled to a single Base Award) plus (total number of telephone calls to Settlement Class Members who submit valid claim forms) plus (three times the total number of telephone calls to members of the Direct Payment Group).

| **10.  What am I giving up to stay in the Settlement Class?** |
|---|

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement.  This means that if the settlement is approved, you cannot pursue or continue to pursue, on your own or as part of any other action, HSBC and/or any other Released Parties for any Released Claims, as explained in the settlement agreement. In other words, you cannot sue HSBC about alleged recording or monitoring of telephone calls to you. It also means that all of the Court's orders will apply to you and legally bind you.

The actual language of the release is as follows:

> Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any authorized users of their accounts and other persons claiming through them, fully release and forever discharge HSBC Card Services Inc., HSBC Technology & Services (USA) Inc. and Capital One Financial Corporation, and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, vendors, independent contractors, predecessors in interest, and all of the respective officers, directors, employees, attorneys, shareholders, agents, representatives, and assigns of the aforementioned (together, the "Released Parties"), from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute (including but not limited to California's Invasion of Privacy Act, Cal. Penal Code Sections 630 through 638, and other federal or state unfair and deceptive practices statutes or debt collection statutes), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of entry of the Final Approval Order that arise out of or are related in any way to the recording or monitoring of telephone calls placed by or on behalf of HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. to the Settlement Class Members and the Releasing Parties from March 23, 2009 through May 1, 2012, whether the claims are brought directly by or on behalf of any Settlement Class Member in an individual or class action, representative action or in any other capacity, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief (the "Released Claims").

> Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, become effective. This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer.  The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

### 11.  How can I get a payment?

If you received an e-mail or postcard, please read it carefully.  Unless you received an e-mail or postcard advising you that you do not need to submit a Claim Form, you must submit a Claim Form to receive a cash settlement award.  You may get a Claim Form on the Settlement Website, www.xxxxxxxxxx.com, or by calling the Toll-Free Settlement Hotline, _____.  **Read the instructions carefully, fill out the Claim Form completely and accurately, sign it and submit it.**  To be valid, the Claim Form must be completed fully and accurately, signed and submitted timely.  A Claim Form may be submitted by U.S. mail to the Settlement Administrator at: HSBC California Call Recording Lawsuits, c/o _____, or via the Settlement Website [click here].

If you are submitting your Claim Form via the Settlement Website, it must be submitted no later than _____, 2016.  If you are mailing your Claim Form to the Settlement Administrator, it must be postmarked by that date.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

### 12.  When would I receive a settlement payment?

The Court will hold a Final Approval Hearing on _____, 2017 to decide whether to approve the settlement.  If the Court approves the settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Everyone entitled to a settlement award will be informed of the progress of the settlement through information posted on the Settlement Website at www.xxxxxxxxxx.com.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13.  How do I get out of the settlement?

If you want to keep the right to sue or continue to sue HSBC or a Released Party, as defined in the settlement agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the Settlement Administrator. To be valid, an exclusion request must: (1) be signed by the person in the Settlement Class who is requesting exclusion; (2) include the full name, address, telephone number(s), and any HSBC credit card account number(s) of the person in the Settlement Class requesting exclusion (except that persons in the Settlement Class who do not have and have not had a credit card relationship with HSBC Bank Nevada, N.A. shall not be required to include an account number); and (3) include the following statement: "I/we request to be excluded from the settlement in the <u>HSBC California Call Recording Lawsuits</u>." No request for exclusion will be valid unless all of the information described above is included. For any person in the Settlement Class who has more than one account, the exclusion request shall include all accounts. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____, 2016 to the Settlement Administrator at HSBC California Call Recording Lawsuits, c/o _____.**

| **14.  If I do not exclude myself, can I sue HSBC for the same thing later?** |
| --- |

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) HSBC or any Released Parties for the Release Claims that this settlement resolves.

| **15.  If I exclude myself, can I get a benefit from this settlement?** |
| --- |

No. If you ask to be excluded, you will not receive a settlement payment and you cannot object to the settlement.

### OBJECTING TO THE SETTLEMENT

| **16.  How do I tell the Court that I do not think the settlement is fair?** |
| --- |

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you are deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the settlement, including as to the award of any attorneys' fees and costs to Class Counsel and/or service award to Plaintiffs.

To object, you must make your objection in writing, stating that you object to the settlement in the <u>HSBC California Call Recording Lawsuits</u>. To be valid, the objection must: (1) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including but not limited to providing his or her full

name, address, and the telephone number(s) called by or on behalf of HSBC within the Class Period; (2) include a statement of such Settlement Class Member's specific objections; (3) state the grounds for objection, as well as identify any documents which objector desires the Court to consider; (4) state whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and (5) disclose every prior objection to any class action settlement made by the objector including the case name, case number, and disposition of the prior objection(s).

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____, 2016.**

For Plaintiffs:                                          For HSBC:

KAZEROUNI LAW GROUP                  STROOCK & STROOCK & LAVAN LLP
Abbas Kazerounian                                Julia B. Strickland, Esq.
ak@kazlg.com                                        jstrickland@stroock.com
245 Fischer Avenue, Unit D1                 2029 Century Park East
Costa Mesa, CA 92626                           Los Angeles, CA 90067-3086

ALTSHULER BERZON LLP
Michael Rubin
mrubin@altber.com
177 Post Street, Suite 300
San Francisco, CA 94180

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form (unless you received an e-mail or postcard advising you that you do not need to submit a Claim Form). If you object but fail to submit a Claim Form, you will not receive a settlement payment.**

**17.  What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

**18.  What happens if I do nothing at all?**

If you do nothing, you will not receive a settlement payment (unless you received an e-mail or postcard notice advising you that you do not need to submit a Claim Form to receive a settlement award) and you will give up your rights to sue HSBC and/or any other Released Parties on the Released Claims.

If you received an e-mail or postcard notice advising you that you do not need to submit a Claim Form to receive a settlement award, and you do nothing, you will receive a settlement award and you will give up your rights to sue HSBC and/or any other Released Parties on the Released Claims.  For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at __:__ _.m. on _____, 2017 at the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701, in Courtroom 10A.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20.  Do I have to come to the hearing?**

No.  Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above.  You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice is only a summary of the proposed settlement.  You can get a copy of the settlement agreement by visiting the Settlement Website, www.xxxxxxxxxx.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, HSBC OR HSBC'S COUNSEL ABOUT THE SETTLEMENT.  TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**
**Settlement Administrator Address**
**Contact Information**

## **EXHIBIT 6**

## **PUBLICATION NOTICE**

Publication Notice

**If you are a California resident and received a telephone call(s) from or on behalf of HSBC Card Services Inc. between March 23, 2009 and May 1, 2012 and your telephone conversation was recorded or monitored by or on behalf of HSBC, you may be entitled to benefits under a class action settlement.  This Court-authorized Notice describes your rights and provides important information about the proposed settlement in *the following cases: Medeiros, et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.*, U.S. District Court for the Central District of California, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros"); *Fanning et al. v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.*, U.S. District Court for the Central District of California, Case No. 12-cv-00885-JVS-RNBx ("Fanning"); *Lindgren v. HSBC Card Services, Inc. and HSBC Technology & Services (USA), Inc.*, U.S. District Court for the Central District of California, Case No. 14-cv-05615-JVS-RNBx ("Lindgren") (collectively "HSBC California Call Recording Lawsuits").**

**The purpose of this Notice is to inform Settlement Class Members of the terms of the settlement and important deadlines relating to the settlement, as summarized below and described more fully on the Settlement Website: www._____.com.  You may also call the Toll-Free Settlement Hotline, 800-***-****.**

### WHAT ARE THE HSBC PRIVACY LAWSUITS ABOUT?

Plaintiffs in the HSBC California Call Recording Lawsuits claim that HSBC violated the California Invasion of Privacy Act, Cal. Penal Code Section 630, et seq., by placing calls to them between March 23, 2009 and May 1, 2012 regarding HSBC credit card accounts and recording or monitoring those telephone conversations without consent.  HSBC denies the allegations and denies any wrongdoing whatsoever.  The Court has not ruled on the merits of Plaintiffs' claims or HSBC's defenses.

### WHO IS A CLASS MEMBER?

The Settlement Class is defined as California residents who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and that call was recorded or monitored by HSBC.

### SUMMARY OF SETTLEMENT TERMS

HSBC has agreed to pay $13,000,000 into a Settlement Fund, which will pay cash awards to Settlement Class Members, attorneys' fees, costs and expenses incurred by counsel for Plaintiffs and the Settlement Class, service awards for each of the named Plaintiffs, a possible charitable distribution, and the cost of notice and administration of the settlement, if approved by the Court.  Settlement Class member compensation will vary.  For a more detailed explanation of how compensation will be determined, visit the Settlement Website:  www._____.com.

### DEADLINES UNDER THE SETTLEMENT

- **Unless you received an e-mail or postcard notice advising you that you do not need to submit a Claim Form, in order to receive benefits under the settlement, you must submit a valid Claim Form by no later than [DATE XX, 2016].**  Claim Forms may be obtained on the Settlement Website or by calling the Toll-Free Settlement Hotline.  Claim Forms must be submitted either by U.S. mail or through the Settlement Website.  More details can be found on the Settlement Website.

- **To exclude yourself from the settlement, you must submit a written exclusion request postmarked on or before _____, 2016** to the Claims Administrator at HSBC California Call Recording Lawsuits, c/o _____, P.O. Box ____, _____, __ _____-____.  To be valid, the written exclusion request must contain specific information described on the Settlement Website.  If you do not submit a valid and timely exclusion request, you will be bound by the terms of the settlement and you will give up your right to sue regarding calls placed to you by or on behalf of HSBC Card Services Inc. that were recorded or monitored.

- **To object to or comment on the settlement, including Class Counsel's fee cost and expense request, you must file an objection with the Court no later than _____, 2016.**  To be considered, objections must contain the specific information described on the Settlement Website.  **Class Counsel is requesting attorneys' fees, in the amount of 33 1/3% of the total Settlement Fund, plus $_____ in litigation expenses.  Class Counsel's request and supporting documents will be available for viewing on the Settlement Website by _____.**  Anyone who objects to the settlement may ask to appear at the Final Approval Hearing, described below.  If your objection is properly submitted, the Court will consider it whether or not you appear at the hearing.  Even if you submit an objection, to benefit from this

Publication Notice

settlement, you must submit a valid and timely Claim Form (unless you received an e-mail or postcard advising you that you do not need to submit a claim form).

- **If you do nothing**, and unless you received an e-mail or postcard advising you otherwise, you will not receive any settlement compensation and you will lose the right to sue regarding calls placed to you by or on behalf of HSBC Card Services Inc. that were recorded or monitored.

**The Final Approval Hearing will take place on _____ at ____ a.m.** in Courtroom 10C at the U.S. District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701-4516.

**Complete details about your rights and options are available on the Settlement Website, www._____.com. If you have further questions, you can call the Toll-Free Settlement Hotline, 800-***-****. Do not call the Court, HSBC or HSBC's counsel.**

**EXHIBIT 7**

**PRELIMINARY APPROVAL ORDER**

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| GAIL MEDEIROS, et al., | Case Nos. 2:15-cv-09093-JVS-AFM |
| Plaintiffs, | 8:12-cv-00885-JVS-RNB |
| vs. | 14-cv-05615-JVS-RNBx |
| HSBC CARD SERVICES, INC. and HSBC TECHNOLOGY & SERVICES (USA), INC., | **[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING** |
| Defendants. | |
| TERRY J. FANNING, et al., | Date:       XXXX, 2017 |
| Plaintiffs, | Time:       XX:XX a.m. |
| vs. | Location:   Courtroom 10A |
| HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA), INC., | 411 W. Fourth St. Santa Ana, CA 92701 |
| Defendants. | |
| STEFAN O. LINDGREN, | |
| Plaintiff, | |
| vs. | |
| HSBC CARD SERVICES, INC. and HSBC TECHNOLOGY & SERVICES (USA), INC., | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  This matter came before the Court on Plaintiffs' Motion for Preliminary

2  Approval of the proposed class action settlement (the "Settlement") of the cases

3  entitled *Fanning et al. v. HSBC Card Services, Inc. et al.*, Case No. 12-cv-00885-

4  JVS-RNBx ("Fanning"); *Lindgren v. HSBC Card Services, Inc. et al.*, Case No. 14-

5  cv-05615-JVS-RNBx ("Lindgren"); and *Gail Medeiros, et al. v. HSBC Card Services*

6  *Inc., et al.*, Case No. 2:15-cv-09093-JVS-AFM ("Medeiros") (collectively "the

7  Actions").  The Actions were brought by plaintiffs Terry Fanning, Tatiana Jabbar,

8  Stefan Lindgren, Gail Medeiros, Tracy T. Bomberger, Peter Morrissey, and Julie

9  Pulatie, individually and on behalf of all others similarly situated, against defendants

10  HSBC Card Services Inc. and HSBC Technology & Services (USA) Inc. ("HSBC").

11  Collectively, Gail Medeiros, Tracy T. Bomberger, Peter Morrissey, Julie Pulatie,

12  Stefan O. Lindgren, Terry J. Fanning and Tatiana Jabbar are referred to herein as the

13  "Plaintiffs" and together, with HSBC, the "Parties."

14  Based on this Court's review of the Parties' Settlement Agreement and

15  Release (the "Agreement"), Plaintiffs' Motion for Preliminary Approval of

16  Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND

17  ORDERS AS FOLLOWS:

18  1.  Settlement Terms.  Unless otherwise defined herein, all terms in this

19  Order shall have the meanings ascribed to them in the Agreement.

20  2.  Jurisdiction.  The Court has jurisdiction over the subject matter of the

21  Actions, the Parties, and all persons in the Settlement Class.

22  3.  Scope of Settlement.  The Agreement resolves all claims alleged in the

23  operative complaints filed in each of the Actions.

24  4.  Preliminary Approval of Proposed Agreement.  The Court has

25  conducted a preliminary evaluation of the Settlement as set forth in the Agreement.

26  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair,

27  reasonable and adequate, and within the range of possible approval; (b) the

28

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. 3, 4, 5 and 6 to the Agreement), that notice is appropriate and warranted.   Therefore, the Court grants preliminary approval of the Settlement.

5.   Class Certification for Settlement Purposes Only.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons in California who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC Card Services Inc. or HSBC Technology & Services (USA) Inc.

"Settlement Class Member" means any person in the Settlement Class who does not validly exclude themselves.

6.   The Settlement Class Satisfies Rule 23's Requirements.  In connection with this conditional certification, the Court makes the following preliminary findings:

(a)   The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)   There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)   Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)   Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

(e)     For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.     <u>Class Representatives</u>.  The Court appoints Plaintiffs to act as the representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Class Counsel</u>.  The Court appoints Hyde & Swigart, Kazerouni Law Group, APC, Law Offices of Todd M. Friedman, P.C., Altshuler Berzon LLP, The Mehdi Firm PC, Arleo Law Firm PLC, and Bailey and Galyen as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.     <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2017, in Courtroom 10A of the United States Courthouse, 411 West Fourth St., Santa Ana, CA 92701, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount.  No later than _____, 2016, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiffs.  No later than _____, 2016, which is thirty (30) days after the Opt-Out and Objection Deadline, papers in support of final approval of the Settlement and response to any written objections must be filed.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

10.     <u>Settlement Claims Administrator</u>. KCC LLC is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

11.     <u>Class Notice</u>.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards), Publication Notice and through establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than _____, 2016 ("Notice Deadline").

12.     <u>Proof of Class Notice</u>.  The Claims Administrator will file with the Court by no later than _____, 2016, which is thirty (30) days after the Opt-Out and Objection Deadline, proof that notice was provided in accordance with the Agreement and this Order.

13.     <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2016, which is ninety (90) days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out and objects, the request to opt-out will control.

14.     <u>Exclusion from the Settlement Class</u>.  To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name, address, telephone number(s), and account

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

number(s) of the person in the Settlement Class requesting exclusion (except that persons in the Settlement Class who do not have and have not had a credit card relationship with HSBC Bank Nevada, N.A. shall not be required to include an account number); and (iii) include the following statement: "I/we request to be excluded from the settlement in the <u>HSBC California Call Recording Lawsuits</u>." No request for exclusion will be valid unless all of the information described above is included.  For any person in the Settlement Class who has more than one account, the exclusion request shall include all accounts.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

15. <u>Filing of Exclusion Requests</u>.  The Claims Administrator will retain a copy of all requests for exclusion.  Not later than thirty (30) days after the Opt-Out and Objection Deadline, the Claims Administrator will file, under seal, with the Court a declaration that lists all of the exclusion requests received.

16. <u>Objections to the Settlement</u>.  To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline. Settlement Class Members also must mail the objection by the Opt-Out and Objection Deadline to each of the following: (a) Class Counsel – Abbas Kazerounian, Kazerouni Law Group, 245 Fischer Avenue, Unit D1, Costa Mesa, CA 92626, and Michael Rubin, Altshuler Berzon LLP, 177 Post Street, Suite 300, San Francisco, CA 94108; and (b) HSBC's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. To be valid, the objection must:  (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including but not limited to the objector's full name,

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL
APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

address, and the telephone number(s) called by or on behalf of HSBC within the Class Period; (ii) include a statement of the specific objections; (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider; (iv) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; and (v) disclose every prior objection to any class action settlement ever made by the objector including the case name, case number, and disposition of the prior objection(s). The Court will not consider an objection unless the objection includes all of the foregoing information.

17.     <u>Settlement Binding on Settlement Class Members</u>.   Any Settlement Class Member who fails to timely comply with Paragraph 16 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.  If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

18.     <u>Clerk of the Court to Redact Objections</u>.  For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

19.     <u>Stay of These Actions</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings in these Actions are stayed.

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

20.   <u>Stay of Actions or Claims Asserting Released Claims by Plaintiffs or the Settlement Class</u>.   Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.   Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.   Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s).   This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.   This injunction does not apply to any person who requests exclusion from the Settlement.

21.   <u>Conditional Certification of the Settlement Class</u>.   If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.   No agreements, documents or statements made by or entered into by any Party in connection with the Settlement, including but not limited to confirmatory discovery, may be used by Plaintiffs, any person in the proposed Settlement Class, HSBC or any other person to establish liability, any

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52005897

defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22.   <u>Termination</u>.   In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to HSBC within 15 days of the event that causes the Agreement to not become effective.

23.   <u>No Admission of Liability</u>.   The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by HSBC, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

24.   <u>Reasonable Procedures to Effectuate the Settlement</u>.   Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

25.   <u>Schedule of Future Events</u>.   Accordingly, the following are the deadlines by which certain events must occur:

- 8 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

| _____, 2016 | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2016 [30 days after the Notice Deadline] | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
| _____, 2016 [90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2016 [90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____, 2016 [30 days after the Opt-Out and Objection Deadline] | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| _____, 2017 at _____ _.m. | Final Approval Hearing |

**IT IS SO ORDERED.**

Dated:

By: _____

Honorable James V. Selna
United States District Judge

- 9 -

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING

LA 52005897

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**EXHIBIT 8**

**FINAL APPROVAL ORDER**



1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

10   GAIL MEDEIROS, et al.,                    Case Nos. 2:15-cv-09093-JVS-AFM
                                                          8:12-cv-00885-JVS-RNBx
11              Plaintiffs,                                14-cv-05615-JVS-RNBx

        vs.
12                                              **[PROPOSED] FINAL APPROVAL
     HSBC CARD SERVICES, INC. and HSBC          ORDER AND JUDGMENT**
13   TECHNOLOGY & SERVICES (USA),
     INC.,
14
                Defendants.
15
     ────────────────────────────────
16   TERRY J. FANNING, et al.,
                Plaintiffs,
17
        vs.
18   HSBC CARD SERVICES INC. and HSBC
     TECHNOLOGY & SERVICES (USA),
19   INC.,
                Defendants.
20   ────────────────────────────────
     STEFAN O. LINDGREN,
21
                Plaintiff,
22
        vs.
23
     HSBC CARD SERVICES, INC. AND HSBC
24   TECHNOLOGY & SERVICES (USA), INC.,

25              Defendants.

26

27

28

The Court having held a Final Approval Hearing on _____, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated _____, 2016, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. No. __) are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: All persons in California who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC Card Services Inc. or HSBC Technology & Services (USA) Inc.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and HSBC.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Notice Plan and the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

7.      The Court hereby finally certifies the Settlement Class for settlement purposes.  The Court finds for settlement purposes that the Actions satisfy all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8.      The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement.  The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter. Should any Remaining Funds be distributed, the Court hereby approves the Rose Foundation's Consumer Privacy Rights Fund as the *cy pres* recipient.

9.      This Court hereby dismisses these Actions, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

10.    As of the Effective Date, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.  In addition, with respect to the Released Claims, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws are terminated.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

11.     Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties.  In the event that any provision of the Agreement or this Final Approval Order is asserted by HSBC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs or any Settlement Class Member irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgments.

12.     The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it, including but not limited to any confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by HSBC, or the truth of any of the claims.  Evidence relating to the Agreement, including any

confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in these Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, HSBC or any other person to establish any defense to and/or any of the elements of class certification, whether in the Action or in any other proceeding.

13.    If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and these Actions will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of these Actions or in any other proceeding.  Regardless of the reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to HSBC within 15 days of the event that causes the Agreement to not become effective.

14.    By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

15.    The Court approves Class Counsel's application for $_____, which is ___% of the Settlement Amount, as reasonable attorneys' fees, and an additional $_____ to reimburse them for litigation costs actually incurred.  The Court awards a service award in the amount of $_____ for Plaintiffs Fanning and

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Lindgren, and a service award in the amount of $_____ for the other Plaintiffs.

     **IT IS SO ORDERED.**

Dated:                            By:_____

                                          Honorable James V. Selna
                                          United States District Judge

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086