JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL MEDEIROS, et al.,<br><br>              Plaintiffs,<br>vs.<br><br>HSBC CARD SERVICES, INC. and HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>              Defendants.<br><br>TERRY J. FANNING, et al.,<br>              Plaintiffs,<br>vs.<br><br>HSBC CARD SERVICES INC. and HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>              Defendants.<br><br>STEFAN O. LINDGREN,<br><br>              Plaintiff,<br><br>vs.<br><br>HSBC CARD SERVICES, INC. AND HSBC TECHNOLOGY & SERVICES (USA), INC.,<br><br>              Defendants. | Case Nos. 2:15-cv-09093-JVS-AFM<br>                8:12-cv-00885-JVS-RNBx<br>                14-cv-05615-JVS-RNBx<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

The Court having held a Final Approval Hearing on October 16, 2017, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated August 25, 2016, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> SETTLEMENT CLASS: All persons in California who received a telephone call between March 23, 2009 and May 1, 2012 from or on behalf of HSBC Card Services Inc. and whose call was recorded or monitored by or on behalf of HSBC Card Services Inc. or HSBC Technology & Services (USA) Inc.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiffs and HSBC.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Notice Plan and the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal

Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure. In doing so, the Court overrules the sole objection submitted to the proposed settlement. The Court concludes that the total monetary value of the settlement is fair, reasonable, and adequate given the risks posed by continuing litigation and the amount offered in settlement; that the plan of distribution reasonably distinguishes between and compensates class members on the basis of the harms suffered; that the claims process was reasonable and necessary with respect to those class members who may or may not have had a telephone conversation that could have been recorded; and that there is no evidence of collusion.

7. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Actions satisfy all the requirements of Rule 23 of the Federal Rules of Civil Procedure, as set forth in detail in the Court's Order on Preliminary Approval. The Court specifically finds that it was unnecessary to divide the Class into subclasses of individuals who were called on cell phones as opposed to landlines, because there is no conflict or antagonism between the two groups, both of whom would have been entitled to the same statutory penalty had they prevailed at trial.

8. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Second Distribution and disposition of any Remaining Funds thereafter.

Should any Remaining Funds be distributed, the Court hereby approves the Rose Foundation's Consumer Privacy Rights Fund as the *cy pres* recipient.

9. This Court hereby dismisses these Actions, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

10. As of the Effective Date, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.

11. Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. In the event that any provision of the Agreement or this Final Approval Order is asserted by HSBC as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs or any Settlement Class Member irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order

and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it, including but not limited to any confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by HSBC, or the truth of any of the claims. Evidence relating to the Agreement, including any confirmatory discovery, will not be discoverable or used, directly or indirectly, in any way, whether in these Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, HSBC or any other person to establish any defense to and/or any of the elements of class certification, whether in the Action or in any other proceeding.

13. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and these Actions will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of these Actions or in any other proceeding. Regardless of the reason, the money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to HSBC within 15 days of the event that causes the Agreement to not become effective.

- 5 -
FINAL APPROVAL ORDER AND JUDGMENT

14. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

15. The Court approves Class Counsel's application for $4,333,333.33, which is 33 1/3% of the Settlement Amount, as reasonable attorneys' fees, and an additional $340,120 to reimburse them for litigation costs actually incurred. Class Counsel may elect to have all or part of their attorneys' fees award paid in periodic payments through a structured settlement arrangement entered into prior to payment of such fees to Class Counsel. Notwithstanding any term in the Agreement to the contrary, any fees awarded to Class Counsel to be so structured shall be paid by the Settlement Fund to an assignment company(ies) pursuant to assignment and release agreements reasonably acceptable to the Claims Administrator ("Assignment Agreements"). Class Counsel has no present right to payment of any structured fees that are the subject of Assignment Agreements. Prior to the payment by the Settlement Fund under any Assignment Agreement, Class Counsel shall indemnify and hold harmless the Claims Administrator administering the Settlement Fund. The Court authorizes the Claims Administrator and Settlement Fund to execute documents and take such actions as may be necessary to effectuate the assignment and payment of fees under any Assignment Agreement.

16. The Court awards service awards in the amount of $5,000 each for Plaintiffs Fanning and Lindgren, and service awards in the amount of $1,500 each for the other Plaintiffs.

**IT IS SO ORDERED.**

Dated: November 29, 2017    By: _____
                                Honorable James V. Selna
                                United States District Judge